ANNER F. EVANS, EMPLOYEE, PLAINTIFF, APPELLANT v. AT&T TECHNOLOGIES, SELF-INSURED, EMPLOYER, DEFENDANT, APPELLEE

No. 8910IC774

(Filed 21 May 1991)

1. **Master and Servant § 55 (NCI3d) — workers' compensation — fall on paper in factory aisle — injury compensable**

Evidence was sufficient to support the findings and conclusions of the Industrial Commission that plaintiff suffered an injury by accident under the Workers' Compensation Act when she slipped on a piece of paper on a factory aisleway and fell to the floor, that she was unable to work during the periods of temporary total disability, and that she had a 10% permanent partial disability of the back and both legs.

**Am Jur 2d, Workmen's Compensation §§ 227, 245, 297, 298.**

2. **Master and Servant § 69 (NCI3d) — workers' compensation — type of credit employer is entitled to for payments made**

In paying plaintiff the workers' compensation awarded, defendant employer was entitled to a "week-by-week" rather than "dollar-for-dollar" credit for payments it made to plaintiff

EVANS v. AT&T TECHNOLOGIES

[103 N.C. App. 45 (1991)]

under its sickness and disability plan while she was unable to work and her right to workers' compensation was being contested. N.C.G.S. § 97-42.

**Am Jur 2d, Workmen's Compensation §§ 407 et seq.**

APPEAL by plaintiff and cross-appeal by defendant from Opinion and Award filed 14 March 1989 and amended 30 March 1989 by the North Carolina Industrial Commission. Heard in the Court of Appeals 7 February 1990.

*Daniel S. Walden for plaintiff appellant/appellee.*

*Womble Carlyle Sandridge & Rice, by Richard T. Rice and Clayton M. Custer, for defendant appellee/cross-appellant.*

PHILLIPS, Judge.

The following holdings of the Industrial Commission's Opinion and Award are contested by either the appeal or cross-appeal: (1) That under our Workers' Compensation Act plaintiff employee is entitled to receive compensation for disabilities that she sustained due to an on-the-job accident while in defendant's employment. (2) Because of wage payments that defendant made to plaintiff under its private Sickness and Disability Plan while she was disabled from her injuries and before her right to compensation was either admitted or established "the case of *Foster v. Western Electric,* 320 N.C. 113, entitles the defendant to a dollar-for-dollar credit on the compensation awarded herein and not on a week-to-week credit." The first holding is challenged by defendant's cross-appeal, the second by plaintiff's appeal. Since no credit of any kind can possibly be due defendant unless it owes the employee workers' compensation, we determine its cross-appeal first.

## DEFENDANT'S CROSS-APPEAL

[1] The cross-appeal is without basis for several reasons. In determining that plaintiff is entitled to receive workers' compensation from defendant the Commission found, by detailed and exhaustive findings of fact, that on 20 February 1986 plaintiff employee suffered an injury by accident under the Workers' Compensation Act when she slipped on a piece of paper on a factory aisleway and fell to the floor, and that as a result of the fall plaintiff was unable to work during the periods of temporary total disability stated below and has had a 10% permanent partial disability of the back

### EVANS v. AT&T TECHNOLOGIES

[103 N.C. App. 45 (1991)]

and both legs since the end of the last temporary total disability period. The findings of fact are conclusive because defendant did not except to any of them, *Pratt v. Central Upholstery Co., Inc.,* 252 N.C. 716, 115 S.E.2d 27 (1960); and they are supported by competent evidence in any event, *Brice v. Robertson House Moving, Wrecking and Salvage Company,* 249 N.C. 74, 105 S.E.2d 439 (1958); and they clearly support the Commission's conclusions of law that plaintiff is entitled to the workers' compensation awarded. Against these established facts and the conclusions of law that they properly lead to, defendant argues only that: Its evidence on the accident, injury, and causation issues is more credible than plaintiff's and shows that plaintiff's fall was due to an idiopathic condition and did not contribute to her disabilities in any event because any disabilities that she has are due to preexisting arthritis. The arguments are out of place here. In workers' compensation cases our Courts only review errors of law; the credibility and weight of evidence is determined by the Industrial Commission. G.S. 97-86; *Anderson v. Lincoln Construction Co.,* 265 N.C. 431, 144 S.E.2d 272 (1965). Furthermore, the arguments are not supported by an appropriate cross-assignment of error; the cross-assignments cited concern other matters. *See,* Rule 10(b), (c) and (d), N.C. Rules of Appellate Procedure.

## PLAINTIFF'S APPEAL

[2] The only question for determination ·is — In paying plaintiff the workers' compensation awarded, what credit is due defendant employer for the payments it made to plaintiff while she was unable to work and her right to workers' compensation was being contested? That defendant is entitled to some credit is conceded; the dispute is whether the credit due is "dollar-for-dollar" as the Commission ordered, or "week-by-week" as plaintiff contends. The only authority for allowing an employer in this state any credit against workers' compensation payments due an injured employee is the following provision of G.S. 97-42:

> Any payments made by the employer to the. injured employee during the period of his disability, or to his dependents, which by the terms of this Article were not due and payable when made, may, subject to the approval of the Industrial Commission be deducted from the amount to be paid as compensation. Provided, that in the case of disability such deductions shall be made by shortening the period during which

compensation must be paid, and not by reducing the amount of the weekly payment.

The laudable purpose of the statute — to encourage voluntary payments to workers while their claims to compensation are being disputed and they are receiving no wages — has been discussed in several cases. *See Foster v. Western-Electric Co.,* 320 N.C. 113, 357 S.E.2d 670 (1987); *Moretz v. Richards & Associates, Inc.,* 316 N.C. 539, 342 S.E.2d 844 (1986). And that the statute does not apply to obligatory payments made to employees in compliance with their terms of employment has been intimated, if not recognized, *Ashe v. Barnes,* 255 N.C. 310, 121 S.E.2d 549 (1961), and would seem to be obvious from its terms in any event. In most of the cases that have construed the statute the dispute was whether the payments were "due and payable" and any credit was due the employer. In this case the problem is simplified to some extent, as plaintiff concedes that some credit or offset is due defendant, not so much though because defendant is entitled thereto for making the payments, but because plaintiff is not entitled to compensation for receiving them.

The established facts from which the Commission concluded that under *Foster v. Western-Electric Co., supra,* defendant is entitled to a dollar-for-dollar credit, rather than a week-by-week credit, for all the payments made during the period plaintiff was unable to work follow:

Because of her accidental on-the-job injury plaintiff was temporarily totally disabled for 43 weeks altogether in two different periods, the first from 21 February 1986 to 3 March 1986, and the second from 6 February 1987 until 23 November 1987. Since the latter date she has had a 10% permanent partial disability of her back and both legs. For each week that plaintiff was temporarily totally disabled she is entitled to receive compensation of $294.00 and because of her permanent partial disabilities she is entitled to the same weekly compensation for an additional 70 weeks beginning on 23 November 1987. While denying that plaintiff was injured by accident and entitled to workers' compensation, defendant paid plaintiff her full wage of $474.25 a week during the first period of temporary total disability, and paid her full weekly wage of $495.88 during the part of the second temporary total disability period from 6 February 1987 until 1 August 1987, and

EVANS v. AT&T TECHNOLOGIES

[103 N.C. App. 45 (1991)]

has made no payments since then. All the payments were made under a Sickness and Disability Plan that defendant maintained for all employees. Under the plan all employees unable to work because of either sickness or injury, whether sustained on-the-job or elsewhere, receive their full wages for certain periods according to their years of service. The plan "was intended to be coordinated with potential worker's compensation benefits so as to avoid duplication thereof. Based on her years of service plaintiff was entitled to receive" all the wage payments that she received.

Thus, as is manifest or easily computable from the foregoing facts and figures, the wage payments that defendant made to plaintiff during the 27 weeks involved amounted to approximately $12,966.10, the compensation awarded plaintiff for the 43 weeks that she was temporarily totally disabled amounts to approximately $12,642.00, and allowing defendant a dollar-for-dollar credit, rather than a week-by-week credit, would conflict with plaintiff's ownership of the payments and produce an incongruous result.

Crediting defendant with the payments made under its Sickness and Disability Plan on a "week-by-week" basis, as plaintiff argues is proper, would simply offset the compensation that is due plaintiff for the 27 weeks in which payments were made, and would not affect the remaining $180 to $200 of each wage payment defendant received, or the compensation that defendant owes plaintiff for the remaining 16 weeks she was temporarily totally disabled or the compensation owed for her permanent disabilities beginning on 23 November 1987. On the other hand, crediting defendant on a "dollar-for-dollar" basis for the payments made to plaintiff under its plan would have the following effect: The workers' compensation due plaintiff not only for the 27 weeks in which the payments were made, but for the additional 16 weeks after 1 August 1987 that she was temporarily totally disabled and part of the first week of her permanent disability would all be offset by the wage payments received; of each wage payment so received plaintiff would not retain a cent for her own use, as $294 of each payment would be applied against the workers' compensation due for that week and the remaining $180 to $200 would be applied against the workers' compensation due after 1 August 1987. Such an offset conflicts with the Commission's finding that plaintiff was entitled to the wage payments, and offsetting all of the payments against the workers' compensation owed plaintiff would enable defendant

to satisfy its obligation to plaintiff with her own funds. Nothing in defendant's plan, G.S. 97-42, *Foster v. Western-Electric Co., supra*, or any other provision of our law authorizes, much less requires, any such thing.

If defendant's payments to plaintiff had been loans or even gratuities, a dollar-for-dollar credit might be authorized, but they were neither. According to the Commission's findings, the payments were owed to plaintiff under the terms of defendant's Sickness and Disability Plan because of her long service in its employment. Obviously the plan, which entitled employees when disabled for any reason to receive their full wages for a certain period, served two main purposes; one primarily beneficial to the employees by preventing them from suffering need and hardship when disabled, and the other primarily of benefit to defendant employer by encouraging its trained, experienced employees to continue in its service. Since the wage payments belonged to plaintiff, using them to offset defendant's obligations to pay her compensation for other weeks is not authorized by G.S. 97-42 and would be confiscatory if it was. But though the wage payments were hers, offsetting them against compensation awarded her for the same weeks is authorized for two reasons: First, no compensation is due plaintiff for the weeks that her wages were paid because disability under the Workers' Compensation Act is based upon decreased earnings, G.S. 97-2(9); *Branham v. Denny Roll & Panel Co.*, 223 N.C. 233, 25 S.E.2d 865 (1943), and she had sustained no wage loss; and second, plaintiff cannot collect workers' compensation for the weeks that her wages were paid because of the policy against employees receiving duplicating payments at the employer's expense. *Moretz v. Richards & Associates, Inc.*, 316 N.C. 539, 342 S.E.2d 844 (1986). Contrary to defendant's argument, crediting each wage payment against the compensation due plaintiff for that same week would not conflict with defendant's intent under the plan to coordinate the payments with workers' compensation so as to avoid duplication of benefits. It would not be a duplication of payments for plaintiff to keep the weekly wages she was entitled to under the plan and not receive any workers' compensation for the same weeks; or for her to receive only her wages for one period and only her workers' compensation payments for another period. But offsetting all of plaintiff's wage payments under the plan against the workers' compensation that defendant owes her would conflict with the declared purpose of the plan to provide wage substitution payments

to all disabled workers, as her so-called wages would be but an early payment of some of the workers' compensation that she is entitled to.

That *Foster v. Western-Electric Co.*, 320 N.C. 113, 357 S.E.2d 670 (1987), does not entitle defendant to a dollar-for-dollar credit in this case seems plain to us. Though the employer's plan was similar to the one in this case, the question presented was not the kind of credit that was due the employer, but whether the employer was entitled to any credit against compensation for the payments made. And in deciding that the employer was entitled to a credit, the Court did not mention either the dollar-for-dollar or week-by-week concept, though it did say that denying the employer "full credit for the amount paid" would be improper. *Id.* at 117, 357 S.E.2d at 673. But the circumstances of that case are materially different from those in this case and the "full credit" allowed there is no mandate for a dollar-for-dollar credit here. In both cases payments were made to an injured employee under a company disability plan before the employer's liability for compensation was admitted or established; but in *Foster*, apparently, unlike in this case, there was no finding that the plaintiff was entitled to the payments received. Another material difference between the cases is that the weekly wage substitution payments *Foster* received (amounting to $7,598.16) and the compensation that the Commission awarded (amounting to $6,741.96) "encompassed the same time period." *Id.* at 114, 357 S.E.2d at 671. Thus, the "full credit" allowed was not a "dollar-for-dollar" credit that extended beyond the period in which the payments were made, it was only a credit against the compensation awarded for the same period and thus a week-by-week or period-by-period credit that is usually allowed in situations like this, according to the leading authority in this field. 2 A. Larson, *The Law of Workmen's Compensation* Sec. 57.47 (1986).

In discussing the policy reasons for allowing a credit — relieving hardship and avoiding duplication of benefits — the Court in *Foster* did state that denying "full credit for the amount paid . . . would inevitably cause employers to be less generous and the result would be that the employee would lose his full salary at the very moment he needs it most." *Id.* at 117, 357 S.E.2d at 673. While the denial of full credit under the circumstances of the *Foster* case might cause employers similarly situated to change or abolish their sickness and disability plans, we think it unlikely that denying a dollar-for-dollar credit in this case would have any such effect. For allowing

such a credit in this case would in effect be a holding that: Under such sickness and disability plans employees disabled while in the employer's service are less favored than those disabled while about their own affairs because under defendant's plan workers disabled while about their own affairs get to keep their wages, while under the Commission's holding workers disabled on the job cannot keep any wages paid them as long as their employers still owe them any workers' compensation. That any employer would terminate or change its wage benefit plan for all disabled workers because all the wages paid an employee disabled on the job were not offset against the workers' compensation owed does not seem likely to us.

Thus, the Commission's Opinion and Award allowing a dollar-for-dollar credit for the wage payments involved is reversed and the matter remanded to the Industrial Commission for the entry of an Opinion and Award allowing a week-by-week credit in accord with this opinion.

Reversed and remanded with instructions.

Chief Judge HEDRICK and Judge EAGLES concur.