JAMES BLANKLEY v. WHITE SWAN UNIFORM RENTALS, CINCINNATI INSURANCE COMPANY

No. 9110IC1236

(Filed 20 October 1992)

1. **Master and Servant § 65.2 (NCI3d) — workers' compensation — back injury — medical opinion — employer's physician**

    The Industrial Commission did not err in a workers' compensation hearing by failing to adopt the position of plaintiff's treating physician rather than the employer's physician on plaintiff's physical condition before and after the accident. Plaintiff is required by N.C.G.S. § 97-27 to submit to a medical examination by a physician of the employer's choice, who is not likely to be the treating physician, and the Commission is the statutorily designated fact-finder. The issue is plaintiff's present medical condition, not his medical history.

    **Am Jur 2d, Workers' Compensation § 504.**

2. **Master and Servant § 65.2 (NCI3d) — workers' compensation — back injury — suitable employment refused — conflicting medical opinions**

    The Industrial Commission did not err by finding that plaintiff refused suitable employment offered by his employer without justification where plaintiff claimed that the jobs of-

fered were either significantly lower paying or beyond the post-injury physical limits set by his treating physician and the employer's physician testified that plaintiff could resume his prior job without any additional weight lifting restrictions. The conflict in the medical testimony was resolved by the Commission by a finding that plaintiff was physically able to return to his former job and by findings that defendant-employer offered plaintiff a sales/delivery route similar to the one he had, paying approximately the same, in which he could lift as little or as much weight as he desired, as well as jobs working in the plant or making only sales calls.

**Am Jur 2d, Workers' Compensation § 399.**

APPEAL by plaintiff from opinion and award of the North Carolina Industrial Commission filed 24 September 1991. Heard in the Court of Appeals 24 August 1992.

*Franklin Smith for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by P. Collins Barwick, III, for defendants-appellees.*

LEWIS, Judge.

Plaintiff was a 36 year old high school graduate employed by defendant White Swan as a sales/delivery person. In 1979, prior to his employment with defendant, plaintiff sustained an injury to the lumbar area of his back which left him with a 25% permanent partial disability. On 7 December 1987, plaintiff sustained an injury to his head, neck and back in the course of his employment with defendant. Dr. Adams, who treated plaintiff for both back injuries, rated the 1987 injury as 25% functional impairment of the spine. At the insurance company's insistence, plaintiff was examined by another orthopedic surgeon, Dr. Serene.

Plaintiff reached maximum medical improvement on 10 November 1988. Dr. Adams recommended that plaintiff resume work without driving or heavy lifting. According to plaintiff, defendant offered him one of two positions: an in-house job at the rate of $4.50 per hour or a sales/delivery route virtually identical in pay to his previous job. Plaintiff declined these offers and accepted a job as a car salesman on 12 December 1988. Plaintiff's

**BLANKLEY v. WHITE SWAN UNIFORM RENTALS**

[107 N.C. App. 751 (1992)]

average monthly wage with defendant was $1,680 and is between $1,800 and $2,000 with the car dealership.

Plaintiff received 41 6/7 weeks of compensation for temporary total disability from 24 January 1988 until 11 November 1988, but sought to recover additional compensation for permanent disability. Following a hearing, a deputy commissioner denied his claim for additional compensation because plaintiff refused, without justification, employment suitable to his capacity procured for him by his employer pursuant to N.C.G.S. § 97-32. Without additional findings, the Full Commission adopted the deputy commissioner's opinion and affirmed the award. Plaintiff appeals.

Plaintiff assigns as error the Industrial Commission's (Commission) failure to consider evidence of his physical condition before and after the work related accident. He also assigns as error the Commission's giving undue weight to the testimony of the employer's physician over the testimony of plaintiff's treating physician.

[1] The crux of plaintiff's arguments is that the only medical opinion which should be accorded any weight is that of the treating physician. Having treated both of plaintiff's back injuries, it is undisputed that Dr. Adams would be more familiar with plaintiff's medical history. However, it is not his medical history, but his present medical condition which is at issue. The Worker's Compensation Statute (statute) refers to the examination of the injured employee by a "qualified physician or surgeon." N.C.G.S. § 97-27 (1991). It does not compel the defendant employer, nor the Commission, to rely upon one source of medical information, that provided by the injured plaintiff. The statute specifically suspends an injured employee's right to compensation should he or she refuse to submit to examination by a physician designated and paid by the employer. N.C.G.S. § 97-27. "Moreover, the notion that it is obligatory for the Commission to accord an involuntary or unquestioned credence to any particular testimony runs counter to the statute which confers upon it full fact-finding authority." *Anderson v. Northwestern Motor Co.*, 233 N.C. 372, 376, 64 S.E.2d 265, 268 (1951) (citation omitted); N.C.G.S. § 97-84 (1991) (Commission determines disputes). *See Evans v. AT&T Technologies*, 103 N.C. App. 45, 47, 404 S.E.2d 183, 185 (1991), *rev'd on other grounds*, 332 N.C. 78, 418 S.E.2d 503 (1992) (appellate courts only review errors of law; credibility and weight of evidence determined by Industrial Commission). Because the statute requires a plaintiff to submit to a medical

examination by a physician of the employer's choice, unlikely to be the treating physician, and because the Commission is the statutorily designated fact-finder, plaintiff's argument that the Commission erred by failing to adopt the treating physician's position fails.

[2] Plaintiff argues that the Commission erred in finding that he refused suitable employment offered by his employer without justification. Plaintiff claims that the jobs offered were either significantly lower paying or were beyond the post-injury physical limits set by Dr. Adams. Though both physicians testified that plaintiff sustained a 10% permanent partial disability, as set out in North Carolina Industrial Commission guidelines, their opinions differed as to plaintiff's post-injury physical capabilities. Plaintiff's physician, Dr. Adams, testified that plaintiff would be unable to resume his past position with defendant employer because it exceeded the recommended weight lifting restrictions. Defendant's physician, Dr. Serene, testified that plaintiff could resume his prior job without any additional weight lifting restrictions.

The Commission is the "sole judge of the credibility of the witnesses, and of the weight to be given to their testimony[;] . . . it may accept or reject the testimony of a witness . . . in whole or in part. . . ." *Anderson*, 233 N.C. at 376, 64 S.E.2d at 268; *see Evans*, 103 N.C. App. at 47, 404 S.E.2d at 185. The Commission has the "duty and authority to resolve conflicts in the testimony . . ., and the conflict should not always be resolved in favor of the complainant." *Cauble v. Macke Co.*, 78 N.C. App. 793, 795, 338 S.E.2d 320, 321 (1986). "[I]f the evidence before the Commission is capable of supporting two conflicting findings, the determination of the Commission is conclusive on appeal." *Dolbow v. Holland Industrial, Inc.*, 64 N.C. App. 695, 697, 308 S.E.2d 335, 336 (1983), *disc. rev. denied*, 310 N.C. 308, 312 S.E.2d 651 (1984). It is not the function of an appellate court to weigh the evidence. *Evans*, 103 N.C. App. at 47, 404 S.E.2d at 185 (citing *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 144 S.E.2d 272 (1965)). "Inasmuch as the findings of fact of the Full Commission are supported by legal evidence, they cannot be disturbed." *Anderson*, 233 N.C. at 376, 64 S.E.2d at 268; *see* N.C.G.S. § 97-86 (1991) (award conclusive as to facts); *Hansel v. Sherman Textiles*, 304 N.C. 44, 49, 283 S.E.2d 101, 104 (1981) (findings of fact conclusive on appeal if supported by competent evidence).

## LASH v. LASH

[107 N.C. App. 755 (1992)]

In the present case, the conflict in the medical testimony was resolved by the Commission by a finding of fact that plaintiff was physically able to return to his former job. The Commission also made findings that defendant-employer offered plaintiff a sales/delivery route similar to the one he had, paying approximately the same amount, in which he could lift as little or as much weight as he desired, as well as jobs working in the plant or making only sales calls. These findings are supported by competent evidence in the record and thus are binding. *See Hansel*, 304 N.C. at 49, 283 S.E.2d at 104. These findings amply support a conclusion that his refusing the offers of employment was unjustified. Plaintiff's assignments of error are overruled and the opinion and award of the Commission is affirmed.

Affirmed.

Judge WYNN concurs.

Chief Judge HEDRICK concurs in the result only.