BALTAZAR BENAVIDES, EMPLOYEE-PLAINTIFF v. SUMMIT STRUCTURES, INC., EMPLOYER-DEFENDANT, AND AETNA CASUALTY & SURETY CO., CARRIER-DEFENDANT

No. COA 94-729

(Filed 2 May 1995)

**Workers' Compensation § 297 (NCI4th)— refusal to accept suitable employment—sufficiency of evidence**

The record revealed ample support for the Industrial Commission's findings, and those findings supported the conclusion that plaintiff unjustifiably refused employment suitable to his capacity which was offered to him and procured for him by his employer.

**Am Jur 2d, Workers' Compensation § 399.**

Appeal by plaintiff from Opinion and Award of the North Carolina Industrial Commission filed 18 February 1994. Heard in the Court of Appeals 23 March 1995.

*Wolfe and Collins, P.A., by George M. Cleland, IV, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, L.L.P., by Clayton M. Custer and R. Anthony Hartsoe, for defendants-appellees.*

WALKER, Judge.

Plaintiff sustained a back injury on 12 January 1988 while working for defendant employer. In June 1988, plaintiff instituted this workers' compensation claim. On 25 August 1988, defendant carrier

accepted plaintiff's claim and paid plaintiff temporary total disability benefits at the weekly rate of $133.33 for approximately one year. On 22 August 1989, defendants sought approval from the Commission to stop payment of compensation to plaintiff on the ground that "the claimant has reached maximum improvement and has been rated." This request was approved on 30 August 1989.

On 26 June 1990, plaintiff filed a Form 33 with the Commission claiming that he was entitled to permanent total disability benefits pursuant to N.C. Gen. Stat. § 97-29. Defendants responded that plaintiff was only entitled to an appropriate permanent partial disability rating pursuant to N.C. Gen. Stat. § 97-31. A hearing was held before a deputy commissioner in September 1991. After further discovery, the deputy commissioner entered an opinion and award containing the following conclusions of law:

1. As a result of the injury by accident giving rise hereto, plaintiff was temporarily totally disabled from April 12, 1988 through January 14, 1989 and from February 3, 1989 to April 17, 1990. . . .

2. As a result of the injury by accident giving rise hereto, plaintiff was temporarily partially disabled from January 15, 1989 to February 3, 1989. . . .

3. Plaintiff unjustifiably refused employment suitable to his capacity which was offered to him and procured for him by defendant employer.

4. Plaintiff obtained the end of the healing period on July 17, 1990 and as a result of the injury by accident giving rise hereto, he sustained 25 percent permanent partial impairment of the back. . . .

Plaintiff appealed to the Full Commission, which affirmed and adopted the deputy commissioner's findings and conclusions by Opinion and Award entered 18 February 1994.

Our review of an Opinion and Award of the Industrial Commission is limited to a determination of whether the Commission's findings are supported by competent evidence and whether the findings justify the Commission's conclusions. *Gilbert v. Entenmann's, Inc.*, 113 N.C. App. 619, 623, 440 S.E.2d 115, 118 (1994).

N.C. Gen. Stat. § 97-32 (1994) states that "[i]f an injured employee refuses employment procured for him suitable to his capacity he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial

Commission such refusal was justified." Plaintiff argues that the Full Commission committed reversible error in affirming and adopting the deputy commissioner's conclusion that "[p]laintiff unjustifiably refused employment suitable to his capacity which was offered to him and procured for him by defendant employer."

The Commission found the following facts: On 15 March 1990, Bruce Buirkle, a vocational specialist retained by defendants to assist plaintiff with job placement, contacted plaintiff's counsel to initiate vocational services. On 20 March, Buirkle met with plaintiff and his family at their home in order to discuss vocational rehabilitation for plaintiff, including job placement. On 4 April, Randy Ayers, plaintiff's supervisor, advised Buirkle that a part-time light duty janitorial position was available for plaintiff with defendant employer. This position would involve working about four hours daily, five days weekly at job duties including mopping, sweeping, emptying paper-filled trash can liners from trash cans, picking up trash in the parking lot using a nail-studded stick, and operating a push-mower. Plaintiff's physician, Dr. Stephan Lowe, advised plaintiff's counsel that the job was "a very reasonable one for plaintiff to try" and encouraged plaintiff to do so. Buirkle left several detailed messages with plaintiff's counsel regarding the job and tried numerous times to reach plaintiff personally. Finally, Buirkle reached plaintiff on 17 April 1990 and advised him that the job was available and that Dr. Lowe had recommended that plaintiff take the job. Neither plaintiff nor his counsel ever advised Buirkle that plaintiff would accept the position. Ayers held the job for plaintiff until 23 April 1990, at which time he had to hire someone else. The Commission found that "[t]he janitorial position which was offered to plaintiff . . . was one suitable to his capacity. Evidence to the contrary is not accepted as credible. The credible evidence fails to establish any justification for plaintiff's failure to accept said position."

The Commission also found that in June 1990, as a result of Buirkle's continued efforts to locate employment consistent with plaintiff's physical limitations, YSM Janitorial Company agreed to give plaintiff a work try-out in a light duty janitorial position which was available at a Coca-Cola plant. The job consisted of cleaning for four hours daily and was within the limitations prescribed by Dr. Lowe. On 27 June, Buirkle took plaintiff to the work site, but plaintiff refused to work because of a rash on his neck, chest, and arms. The next day, plaintiff's rash had improved significantly and he and Buirkle returned to the plant. A YSM employee explained to plaintiff

that the job duties would include cleaning two restrooms, dust mopping a floor, and wiping off tables in a break room. In spite of "repeated modeling and coaxing" by Buirkle, plaintiff refused to wipe off the break room tables, ostensibly because "people were eating in the break room." After explaining and modeling the dust mopping job, Buirkle asked plaintiff to try it. Plaintiff then "took hold of the handle in a tentative manner, pushed the mop about three feet with a very awkward gait and then stopped," complaining that "he could not work anymore due to his having a lot of pain." The Commission found that "[p]laintiff was able to perform this janitorial job on June 28, 1990 and evidence to the contrary is not accepted as credible." The Commission also found that "[s]ince the injury by accident giving rise hereto, plaintiff has made no effort, independent of those efforts of Buirkle, to locate employment suitable to his capacity."

Plaintiff presented evidence that the defendant employer's offer of a light duty job "was not communicated to him until six days before it was given to someone else" and that plaintiff "agreed to begin the job before it was filled." With respect to the job with YSM at the Coca-Cola plant, plaintiff presented evidence that the job was beyond his physical capacity and that after his "try-out" the YSM supervisor decided plaintiff would "not work out." Plaintiff argues that he "could not have refused to accept this job, because it was never offered to him." The Commission did not find plaintiff's evidence credible. "The Commission is the 'sole judge of the credibility of the witnesses, and the weight to be given to their [testimony]. . . .' " *Blankley v. White Swan Uniform Rentals*, 107 N.C. App. 751, 754, 421 S.E.2d 603, 604 (1992) (citations omitted) (affirming Commission's conclusion that plaintiff unjustifiably refused employment suitable to his capacity offered by defendant employer), *disc. rev. denied*, 333 N.C. 461, 427 S.E.2d 618 (1993). The Commission's findings of fact are conclusive and binding on appeal if supported by competent evidence in the record. *Suggs v. Snow Hill Milling Co.*, 100 N.C. App. 527, 529, 397 S.E.2d 240, 241 (1990), *disc. rev. denied*, 329 N.C. 276, 407 S.E.2d 851 (1991). The record reveals ample support for the Commission's findings, and these findings support the conclusion that plaintiff unjustifiably refused employment suitable to his capacity which was offered to him and procured for him by his employer.

Plaintiff also argues that the Commission committed reversible error in concluding that he was entitled to compensation only for permanent partial impairment pursuant to the 25% disability rating on his

back. He claims the evidence showed he was entitled to permanent total disability. "The test for disability is whether and to what extent earning capacity is impaired, not the fact or extent of physical impairment." *Robinson v. J.P. Stevens*, 57 N.C. App. 619, 623, 292 S.E.2d 144, 147 (1982). Thus, in order to receive benefits for permanent total disability, plaintiff had the "burden to persuade the Commission not only that he had obtained no other employment but that he was *unable* to obtain other employment." *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982) (emphasis in original).

As noted earlier, plaintiff testified that he was unable to work the light duty jobs offered to him, but the Commission did not find this testimony credible. Accordingly, the Commission's finding of partial disability amounts to a finding that plaintiff failed to carry his burden of proof as to total disability and that he was, in fact, able to earn some wages. Given the ample evidence in the record to support this finding, we affirm the Commission on this assignment of error.

Finally, plaintiff argues that the Commission's decision "is patently contrary to the philosophy of the workers' compensation act and the public policy of this state." We have carefully examined the record and find this assignment of error to be without merit. The Opinion and Award of the Industrial Commission is hereby

Affirmed.

Judges EAGLES and MARTIN, JOHN C. concur.