In an Opinion and Award filed 20 March 1998 the Commission reversed Deputy Commissioner Margaret Morgan and ruled that the death of employee decedent was compensable under the Workers Compensation Act. After giving notice of appeal to the N.C. Court of Appeals but before filing the record on appeal, Defendants moved the Industrial Commission for a credit in the amount of $50,000.00 against the death benefits awarded for the proceeds of a life insurance policy paid in behalf of the employee decedent. The employer had paid the premiums on this policy as a fringe benefit to the employee decedent. Defendants had not filed a similar motion before the Deputy Commissioner, who denied death benefits. There was no necessity for such a motion until the Full Commission reversed the Deputy Commissioner and awarded death benefits. We therefore rule that the motion was timely raised, after the Full Commission entered its Opinion and Award awarding death benefits.
Defendants asked for a credit pursuant to N.C. Gen. Stat. § 97-42, which provides in its entirety as follows:
 97-42. Deduction of payments. Payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Article were not due and payable when made, may, subject to the approval of the Commission be deducted from the amount to be paid as compensation. Provided, that in the case of disability such deductions shall be made by shortening the period during which compensation must be paid, and not by reducing the amount of the weekly payment. Unless otherwise provided by the plan, when payments are made to an injured employee pursuant to an employer-funded salary continuation, disability or other income replacement plan, the deduction shall be calculated from payments made by the employer in each week during which compensation was due and payable, without any carry-forward or carry-back of credit for amounts paid in excess of the compensation rate in any given week. (1929, c. 120, s. 42; 1993 (Reg. Sess., 1994), c. 679, s. 3.7).
This issue appears to be a question of first impression. While credits have been given for salary continuation and disability payments made to an employee or dependents, no cases either granting or denying credit against death benefits for life insurance proceeds could be found in the North Carolina Reports, the Reports of the North Carolina Court of Appeals or in Larson's work on workers compensation. We must look, therefore, to the plain words of the statute and the intent of the General Assembly.
We find that the offset claimed by defendants is not applicable to the receipt of life insurance benefits. The purpose of the statute is "to encourage voluntary payments to workers while their claims to compensation are being disputed and they are receiving no wages." Moretz v. Richards Associates, 103 N.C. App. 45,48, 404 S.E.2d 183, 185 (1991). Evans v. ATT Technology, reversed on other grounds, 332 N.C. 78, 718 S.E.2d 503 (1992). Obviously, this goal cannot be accomplished when the case involves a death. This suggests that the statute is intended to apply against only disability insurance plans. In fact, that is the only type of plan in which N.C. Gen. Stat. § 97-42 has ever been invoked to permit an offset. In accord, Foster v. Western-Electric Co,.320 N.C. 113, 116, 357 S.E.2d 670, 673 (1987). In Foster, the Supreme Court stated the rationale for N.C. Gen. Stat. § 97-42 as:
 "We recognize also that allowing double recovery reduces the incentive to adopt private disability plans providing for immediate payment of benefits." (Emphasis supplied)
Id. at 117
Furthermore, the statute itself speaks of being invoked when "payments are made to an injured employee pursuant to an employer funded salary continuation, disability or other income replacement plan. . . ." N.C. Gen. Stat. § 97-42.
Even assuming arguendo entitlement to a credit, the statutory scheme offsets on a week-by-week basis without credit for aggregate dollars paid. As a part of the 1994 reform of the Workers' Compensation Act under Senate Bill 906, the existing N.C. Gen. Stat. § 97-42 was modified. The modification essentially addressed the last sentence of the section. The provision would allow offset only week by week "without any carry forward or carry-back of credit for amounts paid in excess of the compensation rate in any given week." Thus, if as defendants allege, a beneficiary was paid $50,000.00 under a life insurance policy, and assuming the defendant was entitled to a credit for the $50,000.00, only one of the 400 weekly payments ($269.23) under N.C. Gen. Stat. § 97-38 would be offset.
This 21st day of July, 1998.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________________ CHRISTOPHER SCOTT COMMISSIONER
S/ ______________________ DIANNE C. SELLERS COMMISSIONER