***********
A limited question of possible credit for defendant pursuant to N.C. Gen. Stat. § 97-42 is before the Full Commission on remand from the October 7, 2003 judgment of the North Carolina Court of Appeals which judgment became final after defendant's unsuccessful petitions for a Writ of Supersedeas and Discretionary Review were denied by the Supreme Court of North Carolina. The Full Commission found, and the Court of Appeals agreed, that plaintiff is totally and permanently disabled as a result of the contraction of the industrial disease of byssinosis, a form of chronic obstructive pulmonary disease (COPD). Excepting the issue eo instante, by the Full Commission order dated June 14, 2004, plaintiff became entitled to the workers' compensation benefits which he should have received weekly beginning June 6, 1996, but which were denied to him by the defendant during the ensuing eight years of litigation.
 ***********
Based upon the record developed in the hearing before Deputy Commissioner Kim Cramer in Hendersonville, NC, on April 14, 1998, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is entitled to total disability compensation at the rate of $407.24 per week from June 6, 1996, and continuing for the remainder of his life.
2. The sole evidence presented before the Deputy Commissioner concerning benefits received by plaintiff was by Sandra Brown Claxton, Human Resource manager for the defendant, who testified that she was familiar with the defendant's benefit program to "some degree".
3. Ms. Claxon testified that plaintiff received two disability benefits. One was a reduced retirement pension available to employees who either must retire or voluntarily retire before full retirement age. The second was a monthly long — term disability payment. The reduced retirement pension was wholly funded by the employer. Six-sevenths of the long-term disability payment was funded by the employer and one-seventh was funded by the employee.
4. The monthly amount of the reduced retirement pension is $366.02. On a weekly basis it amounts to $84.47. It may be reasonably inferred that the total of the reduced retirement pension payments made over a given employee's expected lifetime (from the date of early retirement to the expected date of death) is equal to the total of the full retirement pension payments made over a given employee's lifetime from the date of normal retirement to the expected date of death. Thus the payments of early retirement are just that: early payments and not additional payments. Thus it may be reasonably inferred that the reduced retirement pension was not a true disability payment.
5. The monthly amount of the long-term disability payment is $348.34. Six-sevenths of this amount is $298.58. On a weekly basis the six-sevenths amounts to $68.90.
6. Disability compensation became payable in this matter on February 16, 2004, following the tenth day after the N.C. Supreme Court denied defendant's application for discretionary review and defendant's petition for writ of supersedeas
7. Defendant claims it is entitled, at the discretion of the Industrial Commission and pursuant to N.C. Gen. Stat. § 97-42 to credits as follows: $85.15 per week by reason of the reduced retirement pension and $69.44 per week by reason of the long-term disability payments (this latter amount claims benefits to the employer not only for the six-sevenths funded by the employer but for the one-seventh funded by the employee).
8. Due to defendant's denial of this compensable claim and defendant's subsequent appeal to the North Carolina Court of Appeals, both plaintiff and plaintiff's attorney have been without compensation as long as June 6, 1996.
9. In contested workers' compensation cases today, access to competent legal counsel is a virtual necessity. If attorney's fees were allowed to be calculated from only the difference between the workers' compensation award and the private insurer's payment, then almost no attorney could afford to take a contested case where voluntary payments had already been made. Leaving injured employees without the representation they need to obtain the complete and total amount of their workers' compensation award would defeat the purposes of the Act. In fact, employers would be encouraged to contest liability and meanwhile make voluntary payments less than that required by the Workers' Compensation Act.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 97-42 provides:
 Payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Article were not due and payable when made, may, subject to the approval of the Commission be deducted from the amount to be paid as compensation. Provided, that in the case of disability such deductions shall be made by shortening the period during which compensation must be paid, and not by reducing the amount of the weekly payment. Unless otherwise provided by the plan, when payments are made to an injured employee pursuant to an employer-funded salary continuation, disability or other income replacement plan, the deduction shall be calculated from payments made by the employer in each week during which compensation was due and payable, without any carry-forward or carry-back of credit for amounts paid in excess of the compensation rate in any given week.
History (1929, c. 120, s. 42; 1993 (Reg. Sess., 1994), c. 679, s. 3.7.)
2. The proviso in the above section mandates that "in the case of disability such deductions shall be made by shortening the period during which compensation must be paid, and not by reducing the amount of the weekly payment." It is possible to give effect to the proviso whenever disability payments are to be made over a finite period of time and impossible to give effect to the proviso in a lifetime disability case since it is impossible to determine in advance the end period of weekly compensation. Thus it is impossible to give effect to the proviso in this case since it is a lifetime case.
3. The laudable purpose of N.C. Gen. Stat. § 97-42 is to encourage voluntary payments to workers while their claims to compensation are being disputed and they are receiving no wages.Evans v. AT T Technologies, 103 N.C. App. 45, 404 S.E.2d 183, rev'd on other grounds, 332 N.C. 78, 418 S.E.2d 503 (1992). The only authority for allowing an employer in this state any credit against workers' compensation payments due an injured employee is this section. Evans v. AT T Technologies, 103 N.C. App. 45,404 S.E.2d 183, rev'd on other grounds, 332 N.C. 78, 418 S.E.2d 503
(1992).
4. A deduction from the amount of the award to be paid is not required to be granted. The decision of whether to grant a credit is within the sound discretion of the Industrial Commission. Such decision to grant or deny the credit will not be disturbed in the absence of an abuse of discretion. Moretz v. Richards Assocs.,74 N.C. App. 72, 327 S.E.2d 290 (1985), modified on other grounds, 316 N.C. 539, 342 S.E.2d 844 (1986).
5. N.C. Gen. Stat. § 97-42 permits, but does not require, the Commission to deduct from a compensation award to an injured employee any payments made by the employer before the employee's right to compensation under the terms of the Workers' Compensation Act was established. Johnson v. IBM, Inc.,97 N.C. App. 493, 389 S.E.2d 121, cert. denied, 327 N.C. 429,395 S.E.2d 679 (1990).
6. Where the Commission's award allowed the defendant credit for payments that they had already made through their private insurer less the plaintiff's reasonable attorney's fees calculated and based upon the amount of the entire worker's compensation award, the award was authorized by the statute since all credit given by the Commission in these circumstances is "subject to the approval" of the Industrial Commission. Church v.Baxter Travenol Labs., Inc., 104 N.C. App. 411, 409 S.E.2d 715
(1991).
7. Defendant is entitled to no credit for the reduced retirement pension payments. They are merely retirement pension payments made earlier than normal retirement and are not extra payments made to plaintiff.
8. Plaintiff is entitled to have 25% of the $69.44 long-term disability payment applied toward plaintiff's attorney fee pursuant to Church v. Baxter Travenol Labs., Inc.,104 N.C. App. 411, 409 S.E.2d 715 (1991).
9. Defendant is entitled to no credit on any payment made to plaintiff after February 16, 2004, the date workers compensation disability payments became due and payable. N.C. Gen. Stat. §97-42.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney fee set forth below, defendant shall pay to plaintiff $407.24 per week from June 6, 1996, and continuing for the remainder of his life. Defendant may deduct from such weekly payments due up until February 16, 2004, a weekly amount of $52.08. The accrued amount through July 22, 2004, for plaintiff is $152,088.80. The accrued attorney fee to plaintiff's attorney through July 22, 2004, is $43,269.25. Defendant shall pay plaintiff $152,088.80 as disability payments due through July 22, 2004, and shall thereafter pay $407.24 per week to plaintiff, with every fourth check being payable to and going directly to plaintiff's counsel. Defendant shall pay plaintiff's counsel $43,269.25, which is a reasonable attorney fee of 25% of the $407.24 per week through July 22, 2004.
2. Defendant shall pay directly to plaintiff interest in the amount of 8 percent per year from April 18, 1998, the date of the hearing before the Deputy Commissioner. Such interest through July 22, 2004, amounts to $16,488.64.
3. Plaintiff's attorney shall submit to the Industrial Commission a copy of his fee agreement with his client. Plaintiff shall also submit an affidavit of time and expenses incurred in this matter from and after defendant's notice of appeal to the Court of Appeals, including time spent on the petition for discretionary review and for writ of supersedeas and in connection with the credit issue. Plaintiff's attorney shall send a copy of such submittals to counsel for defendant.
4. Defendants shall pay the costs.
This 21st day of July 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER