THIS MATTER is before the Full Commission on plaintiffs June 2, 2004, Motion for Determination of Past-Due Benefits, Credit Due and Calculation of Attorney's Fee on Past-Due Benefits, among other things, and plaintiffs supplements thereto and on defendants' response to said Motion, plus defendant's supplements thereto.
At issue is what the Full Commission meant in its Opinion and Award of August 14, 2003, when it wrote:
 "Volvo is entitled to an appropriate credit for disability payments, including those funded through an employer-funded plan, previously paid through August 29, 1999, and subsequent payment of wages by Volvo to plaintiff from August 29, 1999, until October 5, 2000.
 * * * * * * * * * * *
Before getting into the facts and arguments of the parties concerning this issue, the long and short of what the Full Commission meant by "an appropriate credit" was whatever credit the parties agreed to, and failing agreement, what was shown to the Full Commission to be appropriate under the circumstances.
The Commission was naive in its belief that the parties could reach agreement on what was "an appropriate credit". The Commission was further naive in its belief that defendants would at least consult with plaintiff on "an appropriate credit" before arrogating to themselves the unilateral right to define appropriate credit and before making payments to fit their own definition.
For purposes of the Motion, the facts set forth in the papers of both parties are taken as true.
 FINDINGS OF FACT
1. An Opinion Award was entered in this matter by the Full Commission on August 14, 2003, but was appealed by the defendants. There had been a prior appeal by the defendants that the Court of Appeals found to be interlocutory. Defense counsel advised plaintiffs counsel in a letter dated December 15, 2003, that his client was going to withdraw the Appeals of both the Full Commission's prior Order and the Opinion and Award.
2. On or about September 16, 2003, defendants began making weekly payments pursuant to the Opinion and Award, beginning with the week of 09-06-03. Plaintiff has since received workers compensation checks weekly, with every fourth check going to plaintiff's attorney. However, defendants have continued to make every check short by one penny ($0.01). On December 12, 2003, plaintiff and his counsel received the following payments from Kemper toward the accrued benefits due pursuant to the Opinion and Award:
 • $16,003.91 for "TTD 8-30-99 09-05-03-209 weeks, 5 days"
• $3,526.77 for "Interest on Award"
• $1,869.77 for "10% Penalty per Order"
• $5,334.64 for "Claimant Attorney Fees Per Award"
3. As indicated on its spreadsheet entitled "Workers Compensation Calculations", the workers' compensation carrier, Kemper/Broadspire, took full credit for short and long term disability benefits paid to plaintiff, without regard to the Commission's order that the credits be appropriate and without regard to NC Gen. Stat. § 97-42 and the cases interpreting this statute.
4. When defendants abandoned their appeal of the Commission's Opinion and Award of August 14, 2003, defendants acquiesced in the Commission's decision as to what credit would be allowed and this paragraph became the law of this case with respect to the defendants' entitlement, if any, to a credit for wages, short and long term disability benefits and compensation payments previously made.
5. Prior to the August 14, 2003, Opinion and Award of the Full Commission, Volvo voluntarily paid workers compensation benefits to plaintiff through August 29, 1999 but then claimed, without any medical basis, that plaintiffs problems thereafter were "not related to the 2-19-99 claim." Moreover, defendants failed to raise any claim of credit as an issue according to the Form 33R and Pretrial agreements filed in this matter. More importantly, a review of the transcripts of the hearings before the Deputy Commissioners does not indicate that defendants put on any evidence at the hearings of the amount of the STD or LTD benefits claimed.
6. Finally, regardless of what evidence was put on, the Full Commission limited defendants' entitlement to any credit for STD or LTD benefits to "appropriate credit". Without consulting either plaintiff or the Commission, defendants subtracted from payments otherwise due plaintiff $70,880.45 ($14,955.57 for STD benefits and $55,924.88 in LTD benefits) in credit not approved by the Commission against workers compensation benefits.
7. Dr. Max Schreiber, an economist who teaches full-time at Western Carolina University, prepared the spreadsheet attached to plaintiffs supplementary documents as Exhibit 13. (see also Exhibit 14 which is Dr. Schreiber's Summary of his calculations, and Exhibit 15 which is his calculation of the daily interest due on the underpayment of benefits, and Exhibit 16 which is his c.v.) Dr. Schreiber's calculations were based on the information provided by defendants in their spreadsheet, Exhibit 7. Credit was allowed by Dr. Schreiber for $30,597.12 in wages paid between the date of the accident, February 19, 1999, and October 5, 2000, the date according to Paragraph I of the Award when no further wage credit was to be allowed. As a result, two weeks of wages that defendants claimed to have paid after October 5, 2000 and for which they claimed credit against the benefits owed plaintiff, were not allowed in the spreadsheet prepared by Dr. Schreiber.
8. The short and long-term disability insurance company, Liberty Mutual, is seeking reimbursement from plaintiff for the monies paid to plaintiff during the time he was entitled to workers compensation benefits. See Moore v. Federal Express,
N.C. App., 590 SE 2d 461 (2004).
9. An additional demand is being made by the Social Security Administration against the workers compensation benefits due plaintiff. Social Security now claims that because of "workers' compensation adjustments," plaintiff was overpaid Social Security benefits in the amount of $23,010.50. This is incorrect, however, because Social Security failed to recognize that every 4th check has been received by plaintiffs attorney. Taking the attorney fee into consideration would most likely result in plaintiff not owing money to the Social Security Administration.
10. Again, under the terms of Paragraph 1 of the Award, the employer and workers compensation carrier are not entitled to a credit for STD or LTD benefits that Mr. Trantham received because none were paid during the period during which the Commission permitted a credit. See Paragraph 1 of the Award (Exhibit 2) and defendants' spreadsheet (Exhibit 7) showing when benefits were paid.
11. For the reasons set out above, defendants were not entitled to any of the credit they took for STD or LTD benefits paid after August 29, 1999. Therefore, because they have claimed and taken many thousands of dollars in credits to which they were not entitled, defendants grossly under-calculated and underpaid Mr. Tratnham and his attorneys on December 12, 2003, as set out in plaintiff counsel's letter to defense counsel dated December 16, 2003.
12. The correct amount of benefits owed pursuant to the Opinion and Award of August 14, 2003 are set out in the Trantham Summary and the spreadsheet prepared by Dr. Max Schreiber.
13. As Dr. Schreiber indicates, on December 12, 2003 (the date defendants finally made some payment of past-due benefits), the total amount of accrued `TTD and TPD benefits owed Mr. Trantham by defendants after deduction for the credits approved by the Commission pursuant to N.C. Gen. Stat. § 97-42 was $98,168.50. Mr. Trantham was entitled to 75% of that amount, $73,626.37, after payment of 25% of that amount for the attorney fees approved. However, defendants merely paid him $16,003.91, resulting in an underpayment of $57,622.46 of the accrued TTD and TPD due Mr. Trantham.
14. Again, on December 12, 2003 (the date the employee received at least some payment of past-due benefits), the total amount of accrued interest owed Mr. Trantham by defendants after deduction for the credits approved by the Commission pursuant to N.C. Gen. Stat. § 97-42 was $13,185.50. Mr. Trantham was entitled to 100% of that amount because the law does not permit attorney fees. However, defendants merely paid Mr. Trantham $3,526.77 for "Interest on Award", resulting in an underpayment of $9,658.73 of the accrued interest due Mr. Trantham.
15. According to the applicable case law, interest is also due on the related medical bills that defendants had refused to pay until the appeal was abandoned.
16. Likewise, on December 12, 2003 (the date defendants finally made some payment of past-due benefits), the total amount of accrued penalty owed Mr. Trantham by defendants after deduction for the credits approved by the Commission pursuant to N.C. Gen. Stat. § 97-42 was $9,817.35. Mr. Trantham was entitled to 75% of that amount, $7,363.01, after deduction for a 25% attorney fee. However, defendants merely paid Mr. Trantham $1,869.77 for "10% Penalty per Order", resulting in an underpayment of $5,493.04 of the accrued penalty due Mr. Trantham.
17. Again, on December 12, 2003 (the date defendants finally made some payment of past-due benefits), the total amount of attorney fees approved by the Commission and due plaintiffs counsel out of the accrued TTD TPD and penalty owed plaintiff by defendants was $27,005.60. [Again, no attorney fee is calculated on the accrued interest due plaintiff because the law does not permit attorney fees to be deducted out of accrued interest.] However, defendants merely paid plaintiffs counsel $5,334.64 for "Claimant Attorney Fees Per Award", resulting in an underpayment of $21,670.96 of the accrued attorney fees due plaintiffs counsel pursuant to the Opinion Award.
18. Even if the Commission had determined that defendants were entitled to more credit than that allowed in Paragraph 1 of the Award, it would be appropriate that the Commission calculate the attorney fee before allowance of any credits, as provided for byChurch v. Baxter Travenol Labs, Inc., 104 N.C. App. 411,409 S.E.2d 409 S.E.2d 715 (1991). Defendants were made aware of the fact that any credits against the accrued benefits owed must be approved by the Commission.
19. There were two appeals of this matter to the Court of Appeals. Defendants had also appealed the decision of Chief Deputy Commissioner Gheen. Plaintiff's contract with his attorney provides that the attorney fee increases to 40% if appeal to the Court of Appeals is taken. Counsel for plaintiff requested that an additional attorney fee of 15% of the accrued benefits owed plaintiff, 15% of $98,168.50, or $14,725.28, be assessed against defendants as a reasonable attorney fee pursuant to N.C. Gen. Stat. § 97-88. Plaintiff's counsel expended 20.15 hours of time on the appeals. His usual charge rate is $175 per hour. The Commission finds that the reasonable attorney fee due plaintiffs attorney from defendants for this is $3,500.00.
20. In addition, plaintiff's counsel asked that a reasonable attorney fee of $175.00 per hour be paid for the 29.7 hours of time he expended in determining past benefits due. The Commission finds that the reasonable attorney fee due plaintiffs attorney from defendants for this is $5,200.00.
21. Plaintiff incurred costs of prosecuting this case against defendants and it concluded with a decision whereby the Commission ordered "the insurer to make, or to continue to make, payment of benefits, including compensation for medical expenses, to the injured employee." Accordingly, plaintiffs counsel is entitled to reimbursement of their costs of $5,969.30 (Harper) and $754.17 (Finger).
22. Litigation concerning this motion resulted from the unreasonable legal position taken by defendants in claiming and deducting credits unilaterally without seeking approval from the Industrial Commission.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The amount of credit to be allowed an employer and its insurance company for short-term disability and long-term disability funded entirely by the employer is within the sound discretion of the Industrial Commission and must be approved by the Commission before it can be deducted. Evans v. ATTTechnologies, 103 N.C. App. 45, 404 S.E.2d 183, rev'd on othergrounds, 332 N.C. 78, 418 S.E.2d 503 (1992); Moretz v. Richards Assocs., 74 N.C. App. 72, 327 S.E.2d 290 (1985), modified onother grounds, 316 N.C. 539, 342 S.E.2d 844 (1986).
2. Credit is not appropriate in this case where claim for reimbursement for the short-term and long-term disability payments is being made against the employee by the disability insurer and where the Social Security Administration is also seeking reimbursement.
3. Credit is not appropriate in this case where defendants did not ask for it either before a Deputy Commissioner or the Full Commission and did not present evidence as to the amount of disability payments made or whether the disability plan was entirely funded by the employer.
4. The Industrial Commission is authorized to order the offending party to pay the other party's attorney's fees and costs in matters where there has been in stubborn, unfounded litigiousness. N.C. Gen. Stat. § 97-88.1.
5. If the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this Article, shall find that such hearing or proceedings were brought by the insurer and the Commission or court by its decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee, the Commission or court may further order that the cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as a part of the bill of costs. N.C. Gen. Stat. § 97-88.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
Within 15 days of the filing date of this Order,
1. Defendants shall pay to plaintiff $57,622.46 by reason of the facts found in Paragraph 13 of the Findings of Fact.
2. Defendants shall pay to plaintiff $9.658.73 by reason of the facts found in Paragraph 14 of the Findings of Fact.
3. Defendants shall pay to plaintiff $5,493.00 by reason of the facts found in Paragraph 16 of the Findings of Fact.
4. Defendants shall pay to plaintiffs attorney $21,670.96 by reason of the facts found in Paragraph 17 of the Findings of Fact.
5. Defendants shall pay to plaintiffs attorney $3,500.00 by reason of the facts found in Paragraph 19 of the Findings of Fact.
6. Defendants shall pay to plaintiffs attorney $5,200.00 by reason of the facts found in Paragraph 20 of the Findings of Fact.
7. Defendants shall pay to plaintiffs attorney Harper $5,969.30 and shall pay to plaintiffs attorney Finger $754.17 by reason of the facts found in Paragraph 21 of the Findings of Fact.
8. Defendants shall pay the costs.
Additional sums may be owed because of the lapse of time between the filing of the Motion and entry of this Order.
This 29th day of March 2006.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
 S/________________ BUCK LATTIMORE CHAIRMAN