■ In the Matter of the Claim of JAMES F. GRAHAM, Appellant, v LIPE ROLLWAY CORPORATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Casey, J. Appeal from a decision of the Workers' Compensation Board, filed July 25, 1984.

Claimant sustained an injury to his leg at the employer's premises and filed a claim for workers' compensation benefits. The claim was controverted by the self-insured employer, who paid claimant disability benefits pursuant to Workers' Compensation Law § 206. It was eventually determined that claimant was entitled to workers' compensation benefits and an award was made accordingly. Pursuant to Workers' Compensation Law § 206 (2), the employer sought reimbursement out of the compensation award for disability benefits paid to claimant while the compensation claim was pending. A dispute arose as to whether the employer was entitled to the full amount of the disability award paid by the employer, $95 per week, or the amount of the award actually received by claimant, $95 per week less FICA (Social Security) taxes withheld by the employer and paid to the Federal Government as required by Federal statute.* Claimant appeals from the decision of the Workers' Compensation Board ruling that the employer was entitled to full reimbursement at the rate of $95 per week.

Since the Board's decision has a rational basis, it must be affirmed. Workers' Compensation Law § 206 (2) authorizes reimbursement out of an award of workers' compensation benefits "for the period for which disability benefits were paid to the employee under this article". Claimant contends that since the FICA taxes withheld by the employer were not actually paid to him, the statute does not authorize reimbursement of the amount withheld. We find this contention unpersuasive. Claimant was awarded disability benefits at the rate of $95 per week and the employer actually paid this amount. The FICA taxes withheld from the payments to claimant were remitted to the Federal Government on behalf of claimant

---

* Neither claimant nor the employer has questioned the propriety of the initial withholding of FICA taxes from the disability benefits, either before the Workers' Compensation Board or on this appeal. On the contrary, both parties concede in their briefs that the initial withholdings were proper. The record, therefore, has not been developed on the issue and the Board has made no findings or conclusions. The issue has not been preserved.

and satisfied an obligation owed by claimant. The employer, of course, also paid its own share of FICA taxes. Accordingly, the Board could rationally conclude that the full amount of the award was effectively paid to claimant within the meaning of Workers' Compensation Law § 206 (2).

Claimant concedes that he has not actually lost the FICA taxes withheld from his award of disability benefits. The effect of the retroactive award of workers' compensation benefits, which are not subject to FICA taxes, together with the nonduplication of benefits provision of section 206, is to render the FICA taxes withheld from claimant's disability award overpayments which are refundable. Claimant argues that the procedure for obtaining the refund might be complicated and expensive, and that, therefore, the burden should be borne by the employer, not claimant. Such a speculative argument is insufficient to establish the irrationality of the Board's decision. The refund procedure is no more complicated and expensive for claimant than it is for any other person seeking a refund. In any event, the employer points out that, as a practical matter, the burden would normally be borne by the employer since an employer who seeks a refund of any overpayment of its share of FICA taxes must also follow the procedures for obtaining a refund on behalf of the employee.

We find no merit in claimant's argument that he has been deprived of property without due process. The FICA taxes were properly withheld from the disability benefits paid to claimant by the employer and now that those taxes withheld have become overpayments as a result of the award of workers' compensation benefits, claimant may obtain a refund.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.