ANNER F. EVANS, Employee, Plaintiff v. AT&T TECHNOLOGIES, INC., SELF-INSURED, Employer, Defendant

No. 294PA91

(Filed 17 July 1992)

**1. Master and Servant § 69 (NCI3d) — workers' compensation — voluntary disability payments — dollar-for-dollar deduction**

The deduction allowed by N.C.G.S. § 97-42 from amounts paid as workers' compensation entitles defendant employer, subject to Commission approval, to full dollar-for-dollar rather than week-to-week credit for disability benefits voluntarily paid to plaintiff employee under the employer's sickness and accident disability plan.

**Am Jur 2d, Workmen's Compensation § 365.**

**2. Master and Servant § 69 (NCI3d) — workers' compensation — disability payments — deduction of before-tax amount**

The amount of the deduction under N.C.G.S. § 97-42 for disability payments is the gross before-tax amount paid by

the employer's disability plan rather than the net after-tax amount received by the employee.

**Am Jur 2d, Workmen's Compensation § 365.**

Justice WEBB did not participate in the consideration or decision of this case.

ON discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 103 N.C. App. 45, 404 S.E.2d 183 (1991), reversing in part an order filed on 14 March 1989 by the North Carolina Industrial Commission (as modified by an order of the Commission entered on 30 March 1989). Heard in the Supreme Court on 9 March 1992.

*Walden & Walden, by Margaret D. Walden and Daniel S. Walden, for the plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, by Richard T. Rice and Clayton M. Custer, for the defendant-appellant.*

MITCHELL, Justice.

The defendant AT&T Technologies, Inc. ("AT&T") has brought forward only two issues for review by this Court. The first is whether the deduction allowed by N.C.G.S. § 97-42 from amounts to be paid as workers' compensation entitles the defendant-employer AT&T to full credit for all disability benefits paid to the plaintiff-employee under AT&T's Sickness and Accident Disability Plan. A second issue—properly raised in, but not addressed by, the Court of Appeals—is whether the amount of any deduction under N.C.G.S. § 97-42 is to be based on the gross before-tax amount paid by the defendant's disability plan or the net after-tax amount received by the employee. We conclude that AT&T must receive full credit under N.C.G.S. § 97-42 for the disability benefits paid by its disability plan and that the amount of such credit must be based on the gross before-tax amount of disability benefits paid under its disability plan for the benefit of the plaintiff-employee.

Certain relevant facts are not disputed before this Court. On 20 February 1986 the plaintiff Anner F. Evans was injured while she was working for AT&T at its plant in Winston-Salem. The defendant AT&T provides a Sickness and Accident Disability Plan ("Plan") which compensates its employees when they are absent from work due to injury or disability, regardless of the cause.

Under that Plan, the plaintiff was paid $474.25 per week during her first two-week period of temporary total disability in 1986 and $495.88 per week during a second period of temporary total disability from 8 February 1987 to 2 August 1987. The plaintiff received no benefits under the defendant's Plan after 2 August 1987. The plaintiff received a total of $13,290.50 in benefits under the Plan. All payments to the plaintiff under the Plan were made during a time when the defendant-employer had not accepted the plaintiff's injuries as compensable by workers' compensation benefits and when no determination of compensability had been made by the Industrial Commission.

On 3 April 1986 the plaintiff filed a claim with the North Carolina Industrial Commission seeking workers' compensation benefits. A deputy commissioner entered an Opinion and Award on 23 June 1988 finding and concluding that the plaintiff had been temporarily totally disabled during two different periods. First, the plaintiff was disabled from 21 February 1986 to 3 March 1986. Later, she was disabled from 6 February 1987 through 23 November 1987 (approximately forty weeks) at which time she returned to work part-time. The deputy commissioner held that the plaintiff was entitled to workers' compensation benefits of $294 per week for both of her periods of temporary total disability, less a deduction under N.C.G.S. § 97-42 for some, but not all, of the payments she had received under the defendant's Plan.

The deputy commissioner also ordered that the defendant pay the plaintiff weekly benefits for permanent partial disability at a weekly rate of $294 for seventy weeks commencing 24 November 1987. Neither party before this Court disputes the award to the plaintiff on account of her permanent partial disability, and the defendant seeks no deduction from the payment of those benefits.

In an Order and Award filed 14 March 1989, the Industrial Commission, relying on *Foster v. Western-Electric Co.*, 320 N.C. 113, 357 S.E.2d 670 (1987), amended the deputy commissioner's award and granted the defendant AT&T full credit for *all* payments made to the plaintiff under AT&T's Plan. The Commission otherwise adopted as its own the Opinion and Award of the deputy commissioner. Upon a motion to clarify filed by the defendant, the Commission entered an Order on 30 March 1989 amending its Opinion and Award of 14 March 1989 by inserting therein a

directive that the credit the defendant was to receive "shall be based on net after-tax wages paid plaintiff."

The plaintiff-employee Evans appealed to the Court of Appeals and assigned as error the Commission's holding that AT&T was entitled to full credit for all payments made to her under its Plan. The defendant AT&T cross-assigned as error, *inter alia*, (1) the conclusion by the Industrial Commission that the plaintiff's injury was a compensable injury under Article I of Chapter 97 of the General Statutes of North Carolina, our Workers' Compensation Act, and (2) the Commission's conclusion that the credit the defendant received for payments under its Plan should be based on net after-tax wages paid to the plaintiff.

Although the Court of Appeals did not expressly affirm or reverse that part of the Commission's Award holding that the plaintiff was entitled to workers' compensation benefits for her injury, it seems to have agreed with the Commission's ruling in that regard. The defendant has not brought the issue forward on appeal to this Court, and that part of the Commission's Award must be and is left in full effect. The Court of Appeals concluded that the defendant AT&T was only entitled to partial credit under N.C.G.S. § 97-42 for the payments made under its Plan to the plaintiff, not full credit as ordered by the Commission. For that reason, the Court of Appeals reversed that part of the Opinion and Award of the Commission.

The defendant AT&T petitioned this Court seeking our discretionary review of the Court of Appeals' conclusion that for purposes of the deduction authorized by N.C.G.S. § 97-42, AT&T could only receive credit for part of the payments made under its Plan. AT&T contended that the Court of Appeals had erred in its resulting holding reversing in part the Commission's Award. AT&T also requested that this Court resolve one of the issues properly presented to, but not resolved by, the Court of Appeals—whether the amount AT&T is entitled to deduct from the plaintiff's workers' compensation benefits is the gross before-tax payment made under AT&T's Plan or the net after-tax payment received by the plaintiff. The defendant AT&T did not seek our review of any other issues. We allowed AT&T's petition, thereby granting review limited to the two issues it sought to raise.

In the present appeal, the plaintiff-employee argues that the defendant AT&T should only receive what the parties and the

EVANS v. AT&T TECHNOLOGIES

[332 N.C. 78 (1992)]

Court of Appeals have denominated as a "week-for-week credit" for payments made on her behalf under AT&T's Plan. She specifically argues that under such a "week-for-week credit" AT&T may only receive credit for — and, thus, deduct from the plaintiff's workers' compensation benefits for temporary total disability — an amount calculated by subtracting "from the total number of *weeks* during which [workers'] compensation was found otherwise due, the total number of *weeks* during which the Defendant [AT&T] had made wage continuation payments of at least the compensation rate." Specifically, to apply the "week-for-week credit" advocated by the plaintiff-employee, one would first calculate the total number of weeks in which an employer had paid its employee *as much or more than* the weekly rate the employee was awarded as workers' compensation benefits. The employer would then be entitled to deduct only an amount *equal to* the weekly workers' compensation benefits the employee was awarded for *each* such *week*. An employer would receive no credit whatsoever for *any amounts* it paid during weeks in which it paid the employee less than the weekly workers' compensation rate. Nor would an employer receive credit for any amounts it paid during any week *in excess of* the weekly rate of workers' compensation benefits awarded to the employee.

Applying a "week-for-week credit," according to the plaintiff, the defendant AT&T should receive a credit in the present case only for an amount *equal to* the weekly benefits the Commission awarded her for the weeks between 21 February 1986 and 3 March 1986 and for the weeks between 6 February 1987 and 2 August 1987. The plaintiff says AT&T is entitled to such credit because the plaintiff received benefits under AT&T's Plan for each of those weeks in excess of the $294 weekly amount later awarded by the Industrial Commission for the plaintiff's temporary total disability. The AT&T Plan did not pay the plaintiff any benefits after 2 August 1987; therefore, the plaintiff argues AT&T should receive no deduction from the workers' compensation benefits awarded the plaintiff for the weeks after 2 August 1987. The plaintiff argues the defendant AT&T must pay her full workers' compensation benefits of $294 per week for the weeks beginning 2 August 1987 through 23 November 1987 when, under the Award of the Industrial Commission, the plaintiff was still entitled to temporary total disability benefits but received no payments under AT&T's Plan.

[1]   The defendant AT&T on the other hand argues, relying on N.C.G.S. § 97-42 and *Foster v. Western-Electric Co.*, 320 N.C. 113, 357 S.E.2d 670 (1987), that it should receive what the parties and the Court of Appeals denominated as a "full dollar-for-dollar" credit for all payments made under its Plan to the plaintiff, including all payments made in any weeks in excess of the weekly workers' compensation award. In other words, the defendant AT&T argues that it is entitled to deduct from the amounts to be paid the plaintiff as workers' compensation all dollars paid to the plaintiff under the AT&T Plan which were not "due and payable" within the meaning of N.C.G.S. § 97-42 when payment was made. Like the Industrial Commission, we conclude that the defendant's argument in this regard is correct. Therefore, we reverse the decision of the Court of Appeals, which concluded that the defendant AT&T was only entitled to a week-for-week credit under N.C.G.S. § 97-42 and reversed the modified Award of the Commission.

The parties do not dispute whether the defendant is entitled to a "credit" or deduction; they simply dispute the type and amount of deduction. The controlling statute provides that:

> Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by terms of this Article were not due and payable when made, may, subject to the approval of the Industrial Commission be deducted from the amount to be paid as compensation. Provided, that in the case of disability such deductions shall be made by shortening the period during which compensation must be paid, and not by reducing the amount of the weekly payment.

N.C.G.S. § 97-42 (1991).

The statute states that, subject to approval by the Industrial Commission, *any* payments made by the employer to the injured employee that were not due and payable when made may be deducted from the employee's workers' compensation award. The term "any" as used in the statute carries a broad meaning and clearly was intended to include *all* payments made by an employer on account of its employee's disability which the Commission had not determined was owed under Article I of Chapter 97 of the General Statutes of North Carolina. Furthermore, the proviso at the end

of the statute states that "such deductions shall be made by shortening the period during which compensation must be paid, and not by reducing the amount of the weekly payment." The defendant, through its Plan, followed the proviso. The Plan paid the plaintiff her full wages for approximately six months after her injury. The Plan discontinued these full wage benefits on 2 August 1987. At that time the plaintiff had received payments from the Plan that exceeded the total amount of the workers' compensation benefits to which she was later determined to be entitled for her temporary total disability. The Plan, in effect, paid the plaintiff a higher weekly benefit than she was entitled to under our Workers' Compensation Act, but shortened the payout period. The defendant AT&T was entitled to deduct the full amount of all payments its Plan made to the plaintiff for her temporary total disability which were not "due and payable when made" to her.

Our interpretation of N.C.G.S. § 97-42 in *Foster v. Western-Electric Co.*, 320 N.C. 113, 357 S.E.2d 670 (1987), supports our conclusion and holding in the case at bar. *Foster* involved the very same Sickness and Accident Disability Plan before us in the present case; Western-Electric Company, the defendant in *Foster*, was the predecessor corporation to the present defendant AT&T. In *Foster*, the plaintiff-employee was injured when an automobile exiting the defendant's parking lot struck the plaintiff as the plaintiff crossed the road in front of the defendant's plant. *Id.* at 114, 357 S.E.2d at 671. The plaintiff in *Foster* received weekly benefits totaling $7,598.16 under the Plan, which included "full pay" of $342.26 per week for approximately twelve weeks and "half pay" of $171.13 per week for approximately fourteen weeks. *Id.* As in the present case, the plaintiff-employee in *Foster* was paid those benefits under the Plan at a time when the employer had not accepted the employee's injuries as compensable under our Workers' Compensation Act and when the Industrial Commission had not determined compensability. The Industrial Commission subsequently ruled that the plaintiff was entitled to temporary total disability benefits of $6,741.96. This Court held under N.C.G.S. § 97-42 that, on the facts presented by *Foster*, the defendant-employer was entitled to a full credit for all of the benefits paid to its employee under the Plan and that the defendant-employer could deduct all such payments from the workers' compensation benefits awarded to the plaintiff after such payments had been made. *Id.* at 117, 357 S.E.2d at 673.

EVANS v. AT&T TECHNOLOGIES

[332 N.C. 78 (1992)]

In *Foster* we relied upon the public policy set out in our Workers' Compensation Act in reaching our conclusion. Specifically, we said that the Act is "designed to relieve against hardship," and "to provide payments based upon the actual loss of wages," and "disfavors duplicative payments." *Id.* at 116-17, 357 S.E.2d at 673. We also stated,

> These policy considerations dictate that an employer such as defendant in this case, who has paid an employee wage-replacement benefits at the time of that employee's greatest need, should not be penalized by being denied *full credit for the amount paid* as against the amount which was subsequently determined to be due the employee under workers' compensation. To do so would inevitably cause employers to be less generous and the result would be that the employee would lose his full salary at the very moment he needs it most.

*Id.* at 117, 357 S.E.2d at 673 (emphasis added). In order to meet the policy goals clearly outlined in the statute and explained in *Foster*, we must conclude that, subject to the Commission's approval, employers receive a full dollar-for-dollar credit under N.C.G.S. § 97-42 for all payments made under a voluntary sickness and accident disability plan such as AT&T's Plan in the present case, so long as such payments were not "due and payable when made" within the meaning of the statute.

N.C.G.S. § 97-42 encourages an employer to voluntarily compensate an employee with amounts equal to full pay early during his time of disability. By giving the disabled employee full pay, an employer's disability plan operates as a wage replacement program. In the case at bar, the Commission awarded the plaintiff-employee $294 per week of workers' compensation benefits for approximately forty-seven weeks of temporary total disability; effectively, this was an award of $12,639.48 in total. The plaintiff had already been paid a total of $13,290.50 over approximately twenty-seven weeks under the defendant's Plan. The Plan, therefore, had already paid the plaintiff total benefits greater than the total benefits she was ultimately determined to be entitled to receive under our Workers' Compensation Act. The legislature clearly anticipated and provided for such a result when it adopted N.C.G.S. § 97-42.

Giving the defendant AT&T full dollar-for-dollar credit avoids duplicative payment of benefits. The plaintiff argues that its pro-

EVANS v. AT&T TECHNOLOGIES

[332 N.C. 78 (1992)]

posed week-for-week credit does not allow for duplication. We disagree. The defendant's Plan paid the plaintiff more than the total amount she was eventually determined to be entitled to as workers' compensation for her temporary total disability. The payment of an additional $4,578 under our Workers' Compensation Act for that same disability would reach the same practical result as a duplication of benefits. Applying the "week-for-week" credit argued for by the plaintiff, rather than a full dollar-for-dollar credit, would allow the plaintiff, in effect, to recover twice for the same temporary total disability.

The plaintiff argues that a full dollar-for-dollar credit is inconsistent with the intent and objectives of the entire Workers' Compensation Act. Citing several provisions of the Act, the plaintiff contends that a primary policy of the Act is to provide for compensation "on a constant, periodic, weekly basis" to workers injured on the job. According to the plaintiff, allowing a full dollar-for-dollar deduction of payments which were not due and payable when made violates this statutory intent. We do not agree.

In resolving the issue presented, we apply the traditional rules of statutory construction.

Legislative intent controls the meaning of a statute; and in ascertaining this intent, a court must consider the act as a whole, weighing the language of the statute, its spirit, and that which the statute seeks to accomplish. The statute's words should be given their natural and ordinary meaning unless the context requires them to be construed differently.

Shelton v. Morehead Memorial Hospital, 318 N.C. 76, 82, 347 S.E.2d 824, 828 (1986) (citations omitted); see Electric Supply Co. v. Swain Electrical Co., 328 N.C. 651, 656-57, 403 S.E.2d 291, 294-95 (1991). N.C.G.S. § 97-42 is part of the same Workers' Compensation Act as the more general provisions cited by the plaintiff. N.C.G.S. § 97-42 specifically addresses deductions from workers' compensation benefits and expressly allows an employer to deduct "any payments made by the employer to the injured employee . . . not due and payable when made," subject to the approval of the Commission. We conclude that the ordinary meaning of the language of N.C.G.S. § 97-42 allows an employer, subject to Commission approval, to receive a full dollar-for-dollar credit for all such payments; this interpretation is not inconsistent with the overall intent of the statute to provide compensation to employees for work-related

**EVANS v. AT&T TECHNOLOGIES**

[332 N.C. 78 (1992)]

injuries. Even though a full dollar-for-dollar deduction may decrease the *number* of weekly payments an employee receives, it will never decrease the total *amount* the employee actually receives to an amount less than that employee would have received under the Act alone.

Both parties rely on cases from other jurisdictions in support of their respective arguments. Because each of those cases was decided on the basis of the language of the particular plan or statute involved, we do not find any one case particularly persuasive. Speaking generally, however, the cases allowing a dollar-for-dollar credit are more persuasive because they tend to rely on and support the public policy of encouraging employers to compensate employees voluntarily early during any period of disability. *See, e.g., Triangle Insulation & Sheet Metal Co. v. Stratemeyer,* 782 S.W.2d 628, 630 (Ky. 1990); *Western Casualty and Surety Co. v. Adkins,* 619 S.W.2d 502, 504 (Ky Ct. App. 1981); *Western Electric, Inc. v. Ferguson,* 371 So.2d 864, 868 (Miss. 1979); *Cowan v. Southwestern Bell Telephone Co.,* 529 S.W.2d 485, 488 (Mo. Ct. App. 1975). Also, they tend to avoid payments amounting to duplicative recovery for the same injury. *See, e.g., Inland Steel Co. v. Brown,* 496 N.E.2d 1332, 1336 (Ind. Ct. App. 1986). It is clear that our legislature also intended to promote such public policies when it adopted N.C.G.S. § 97-42.

If employers cannot receive credit for benefits voluntarily paid to their employees, then they will be less likely to pay such benefits. Not allowing a full dollar-for-dollar credit would discourage employers from voluntarily paying benefits to employees as soon as possible. Encouraging early voluntary payment of benefits by employers to employees serves the public interest as clearly established by N.C.G.S. § 97-42. The Commission's Order allowing the defendant AT&T a full dollar-for-dollar deduction from the total amount its Plan paid to the plaintiff was correct under N.C.G.S. § 97-42. Therefore, the holding of the Court of Appeals to the contrary was error and must be reversed.

[2] The Court of Appeals failed in its opinion to address an additional issue, properly preserved and presented by the defendant, regarding the amount of the payments for which the defendant should receive credit under N.C.G.S. § 97-42. In its 30 March 1989 Order amending its prior Opinion and Award in this case, the Industrial Commission ordered that the credit the defendant was

to receive for payments made from its Plan to the plaintiff "shall be based on the net after-tax" amounts paid the plaintiff. The defendant-employer AT&T argued in the Court of Appeals that the amount of the deduction it should be allowed must be based on the gross before-tax amount of payments made under the Plan. The plaintiff on the other hand argued in the Court of Appeals that the amount of the deduction for which the defendant should receive credit must only be based on the net after-tax amount of the payments she actually received and that the Commission's Award was correct on that point. The Court of Appeals simply left this issue unaddressed and unresolved. We allowed discretionary review and now address this issue.

In resolving this issue, we again turn to the plain language of N.C.G.S. § 97-42 and our past interpretation of that statute in *Foster*. The statute provides that *any* voluntary payments by the employer may be deducted from the amount of a subsequent workers' compensation award. In *Foster*, we interpreted the statute to allow a "full credit" for *all* payments not due and payable when made. 320 N.C. at 117, 357 S.E.2d at 673. We now conclude that, in order for an employer to receive full credit for voluntary payments made to an injured employee, the statute must be interpreted to mean that the amount of the deduction to which an employer, subject to the approval of the Commission, is entitled under N.C.G.S. § 97-42 is the amount of the gross before-tax payments.

Our interpretation of N.C.G.S. § 97-42 with regard to this issue prevents the possibility of an essentially duplicative recovery by an injured employee. Payments made to employees under a voluntary employer-financed wage continuation plan are generally included in the gross income of the employee for purposes of taxation. 26 U.S.C. § 105 (1988). As a result, the employer is required to withhold federal and state income taxes and other taxes from these payments. 26 U.S.C. §§ 3102, 3402 (1988); N.C.G.S. § 105-163.2 (1989). Payments received under workers' compensation acts for personal injuries or sickness are generally excluded from the gross income of the employee. 26 U.S.C. § 104(a)(1) (1988). When an employee, as in the present case, successfully disputes an employers' denial of compensability of the employee's injury through workers' compensation benefits, that employee is entitled to a refund of taxes withheld from payments the employee has received under a wage continuation plan. 26 U.S.C. § 31 (1988); N.C.G.S. § 105-163.2 (1989). An employee may seek a refund of taxes withheld from

EVANS v. AT&T TECHNOLOGIES

[332 N.C. 78 (1992)]

payments made under a disability plan to the extent that such payments are not in excess of the amount provided in the applicable workers' compensation act or acts. *See* Treas. Reg. § 1.104-1(b) (1991); Rev. Rul. 72-45, 1972-1 C.B. 34. If an employer were only entitled to a credit equal to the net after-tax amount it paid to the employee, then the employee could obtain what would amount to a double recovery for his injuries by obtaining a refund of taxes previously withheld. The employee in effect would receive the tax refund in addition to any award made under a workers' compensation act or the wage continuation plan.

Another appellate court reached a similar conclusion in *Graham v. Lipe Rollway Corporation*, 114 A.D.2d 570, 494 N.Y.S.2d 431 (1985). In that case, the issue was "whether the employer was entitled [as a credit] to the full amount of the disability award paid by the employer, $95 per week, or the amount of the award actually received by the claimant, $95 per week less FICA (Social Security) taxes withheld by the employer and paid to the Federal government as required by Federal statute." *Id.* at 570, 494 N.Y.S.2d at 431. The workers' compensation board ruled in that case that an employer was entitled to a credit for the full amount it had paid the employee. *Id.* The court noted that the FICA withholdings were overpayment of taxes and, therefore, the plaintiff was entitled to a refund. *Id.* at 571, 494 N.Y.S.2d at 432. The plaintiff argued that the refund procedure is complicated and expensive and, therefore, its expense should be borne by the employer. *Id.* The court disagreed and pointed out that "[t]he refund procedure is no more complicated and expensive for claimant than it is for any other person seeking a refund." *Id.* We find the New York court's reasoning persuasive.

In addition, if employers were allowed a deduction equal to the net after-tax amount ultimately received by the employee, administration of this part of our Workers' Compensation Act would be almost impossible for the Industrial Commission. The withholding of taxes by the employer is based on an estimate of the employee's ultimate tax liability; an employee's tax liability is not established until the employee files a tax return for the particular tax year. The actual tax liability may vary depending on numerous factors, such as, the amount of any itemized deductions, the number of the taxpayer's dependents, and the amount of any other income. If the credit given employers should be held to be equal to the net after-tax amount ultimately retained by the employee, the In-

**DOE v. HOLT**

[332 N.C. 90 (1992)]

dustrial Commission would be required to calculate the tax liability of each recipient in order to credit the employer with the proper after-tax amount. Allowing a credit equal to the amount of gross before-tax payments made to the employee avoids these complexities and facilitates the efficient administration of the Act.

As to this issue which the Court of Appeals failed to resolve, we conclude that the Commission erred. The defendant was entitled to deduct the gross before-tax payments made under its Plan to the plaintiff employee. Upon the remand of this case to the Commission, it will be required to enter an order to such effect.

For the reasons stated herein, we reverse the partial opinion of the Court of Appeals which reversed the Commission's Opinion and Award of 14 March 1989 (as modified by the Commission's Order of 30 March 1989) holding that the defendant employer must be given full dollar-for-dollar credit. We remand this case to the Court of Appeals for its further remand to the Industrial Commission for entry of additional orders consistent with this opinion.

Reversed and remanded.

Justice WEBB did not participate in the consideration or decision of this case.