COLE v. TRIANGLE BRICK

[136 N.C. App. 401 (2000)]

BRUCE COLE, Employee/Plaintiff v. TRIANGLE BRICK, Employer/Defendant, and
AETNA INSURANCE COMPANY, Carrier/Defendant

No. COA98-1188

(Filed 18 January 2000)

### 1. Workers' Compensation— employer credit—private disability insurance policy—reduction for attorney fees

The Industrial Commission did not abuse its discretion in a workers' compensation case by reducing defendant-employer's credit by twenty-five percent for payments made under a private disability insurance policy fully funded by defendant Triangle Brick in order to provide plaintiff an award of attorney fees because a previous panel of the Court of Appeals has already upheld this same issue in a different case and subsequent panels are bound by that precedent since it has not been overturned by a higher court.

### 2. Workers' Compensation— attorney fees—amount—discretion of Commission

The Industrial Commission did not abuse its discretion by modifying the deputy commissioner's original award of attorney fees based on only part of plaintiff's total workers' compensation award, while the Full Commission granted plaintiff's request that attorney fees be calculated on the total award, because the award was within the Full Commission's authority to approve fee payments pursuant to N.C.G.S. § 97-90(c).

Appeal by defendants from Opinion and Award of the North Carolina Industrial Commission filed 20 April 1998. Heard in the Court of Appeals 19 August 1999.

*Lore & McClearen, by R. Edwin McClearen, for plaintiff-appellee.*

*Yates, McLamb & Weyher, L.L.P., by Virginia G. Adams, for defendants-appellants.*

JOHN, Judge.

Defendants appeal an Opinion and Award of the North Carolina Industrial Commission (the Commission) reducing by twenty-five percent defendants' credit for payments made under a disability

COLE v. TRIANGLE BRICK

[136 N.C. App. 401 (2000)]

insurance policy fully funded by defendant Triangle Brick (Triangle). We affirm the Commission.

Pertinent facts and procedural history include the following: Plaintiff Bruce Cole's "history of intermittent lower back problems" was aggravated by the demands of his position with Triangle. While working, plaintiff reinjured his lower back 25 November 1994 and 31 March 1995, and subsequently filed a workers' compensation claim. During pendency of the claim, plaintiff received long-term disability payments from Paul Revere Insurance Company (the Revere payments) under a policy fully funded by Triangle (the Revere policy) from 31 March 1995 until 1 April 1997.

Plaintiff's claim was disputed by defendant Aetna Insurance Company, Triangle's insurer. Following a 25 September 1996 hearing, the Deputy Commissioner issued an Opinion and Award generally favorable to plaintiff on 22 April 1997. The case was subsequently reviewed on appeal by the Full Commission which entered a modified Opinion and Award 20 April 1998. The Commission in the main affirmed the Deputy Commissioner's earlier decision, but modified portions thereof related to awarding of a credit to defendants and of counsel fees to plaintiff.

[1] In its Opinion and Award, the Commission concluded as a matter of law that:

> 3. Defendant-employer shall receive a credit for the private, fully employer-funded benefits paid to plaintiff through Paul Revere Insurance Company, less twenty-five percent attorneys fees to be paid to the [plaintiff's counsel] for collecting reimbursement of the same from the worker's compensation carrier.

The Commission thereupon ordered:

> 2. Plaintiff's request that attorneys fees be calculated on the total award and allowing the defendants a credit for payments made after March 31, 1995 through a fully employer-funded private disability policy, less a twenty-five percent attorney's fee to be paid to [plaintiff's counsel] . . . is HEREBY ALLOWED.

> 3. Defendant-employer shall receive a credit for the fully employer-funded private disability benefits paid to plaintiff, less a twenty-five percent attorney's fee to be paid to [plaintiff's counsel] . . . . The weekly difference between what was paid to plaintiff and what was owed to plaintiff of $84.00 a week shall

## COLE v. TRIANGLE BRICK

be paid to plaintiff in a lump sum subject to the attorneys fees approved below.

4. A reasonable attorney's fee of twenty-five percent of the total compensation awarded to plaintiff after March 31, 1995 . . . is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the dollar for dollar credit allowed the defendant from and after March 31, 1995 shall be paid to the plaintiff's counsel for so long as the defendants claim a credit for benefits paid the plaintiff from a fully employer-funded private disability insurance policy; thereafter, twenty-five percent of any compensation paid by the workers' compensation carrier to the plaintiff shall be deducted and paid directly to counsel for the plaintiff.

Defendants timely appealed, assigning error to the

Full Commission's Conclusions of Law 3 and Awards 2, 3, and 4 on the grounds that the reduction of defendants' credit by 25% to provide plaintiff's counsel additional fees is not supported by law.

N.C.G.S. § 97-42 (Supp. 1998)[1] governs allocation of credit for payments made under private disability plans such as the Revere policy.

Payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Article were not due and payable when made, may, subject to the approval of the Commission be deducted from the amount to be paid as compensation. . . .

G.S. § 97-42.

Defendants cite *Evans v. AT&T Technologies*, 332 N.C. 78, 418 S.E.2d 503 (1992) as precluding reduction by the Commission of defendants' credit for the Revere payments. However, we believe the instant case is controlled by our decision in *Church v. Baxter Travenol Laboratories*, 104 N.C. App. 411, 409 S.E.2d 715 (1991). As in the case *sub judice*, the Commission in *Church* credited the employer for amounts paid the employee under a disability insurance plan, but reduced that credit by twenty-five percent "to fund [plaintiff's] attorney's fees." *Id.* at 416, 409 S.E.2d at 718. In upholding the Commission, the Court noted that G.S. § 97-42

---

1. G.S. § 97-42 was amended effective 1 September 1994 and applicable to all claims pending on or filed after that date. 1993 N.C. Sess. Laws (Reg. Sess., 1994) ch. 579, §§ 3.7, 11.1. No amendments have been enacted since.

dictates that any payments made by an employer to the injured employee during the period of her disability which were not due and payable when made, may, *subject to the approval* of the Industrial Commission, be deducted from the amount to be paid as workers' compensation. . . .

. . . .

The Commission's award in its discretion of a 75% credit to defendant for payments made through its private insurer and the award of the remaining 25% to plaintiff to fund attorney's fees based upon the full workers' compensation award is well within the Commission's discretionary authority. . . .

*Id.* at 416, 409 S.E.2d at 717-18.

Where a panel of this Court "has decided the same issue, albeit in a different case, a subsequent panel is bound by that precedent, unless it has been overturned by a higher court." *In the Matter of Appeal from Civil Penalty,* 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Since the identical issue, *i.e.,* reduction of defendants' credit by 25% to provide counsel fees, is presented herein, we are bound by *Church* unless that decision has been overruled.

In that regard, defendants maintain that the decision of our Supreme Court in *Evans* implicitly overruled *Church.* We conclude otherwise.

At issue, *inter alia,* in *Evans* was the method of calculating an employer's credit for payments made to an employee under a disability plan, the employer claiming "dollar-for-dollar credit" and the employee a "week-for-week credit." *Evans,* 332 N.C. at 81-83, 418 S.E.2d at 506. The Court adopted the former approach, holding that "*all* payments made by an employer on account of its employee's disability," not due and payable within the meaning of G.S. § 97-42 when made, "*may* be deducted from the employee's workers' compensation award." *Id.* at 83, 418 S.E.2d at 507 (second emphasis added).

The discretionary nature of the credit was highlighted throughout the opinion: "*subject to approval by the Industrial Commission,*" payments "not due and payable when made may be deducted from the employee's workers' compensation award." *Id.* (emphasis added); *see also id.* at 86, 418 S.E.2d at 509 ("[w]e conclude that the ordinary meaning of the language of [G.S. § 97-42] allows an employer, *subject to Commission approval,* to receive a full dollar-for-dollar credit")

(emphasis added); *id.* at 88, 418 S.E.2d at 509-10 ("the statute must be interpreted to mean that the amount of the deduction to which an employer, *subject to the approval of the Commission,* is entitled under [G.S. § 97-42] is the amount of the gross before-tax payments") (emphasis added).

Accordingly, *Evans* stands for the proposition that all payments by employers to employees under a disability insurance policy, not due and payable when made, qualify for credit to the employer under G.S. § 97-42; however, the full amount of credit may be reduced in the discretion of the Commission. *See id.* at 85, 418 S.E.2d at 508 ("subject to the Commission's approval, employers [must receive full] credit under [G.S. § 97-42] for all payments made under a voluntary sickness and accident disability plan . . . so long as such payments were not 'due and payable when made' "); *see also Foster v. Western-Electric Co.*, 320 N.C. 113, 116, 357 S.E.2d 670, 672 (1987) (payments not due and payable when made "remain within the purview of [G.S. § 97-42, which section] . . . cannot be read to exclude deduction of the payments" made pursuant to a proper disability insurance plan); and *Church*, 104 N.C. App. at 416, 409 S.E.2d at 717 ("*Foster* recognized that the Commission must not make a complete denial of the credit to the employer").

In both *Church* and the case *sub judice*, the Commission acknowledged the full extent of the employer's payments under a disability insurance plan, but elected, in its discretion, to reduce the allowable credit in order to provide plaintiff an award of counsel fees. By contrast, in *Evans* and *Foster*, also relied upon by defendants, awards were reversed which failed to recognize the full extent of payments made under a disability plan. *See Evans*, 332 N.C. at 83, 418 S.E.2d at 506 (Court of Appeals credit on "week-for-week" basis failed to take into account full measure of payments made to employee); *Foster*, 320 N.C. at 116-17, 357 S.E.2d at 672 (Commission and Court of Appeals misinterpreted law by excluding payments not due and payable when made from eligibility for credit under G.S. § 97-42). *Church* therefore has not been overruled by *Evans* and this Court is bound by its precedent. *Civil Penalty*, 324 N.C. at 384, 379 S.E.2d at 37.

[2] However, defendants contend that "[e]ven if *Church* is controlling . . . the Full Commission abused its discretion" by modifying the Deputy Commissioner's original award, thereby further "reducing the defendants' credit." The Deputy Commissioner based his award of attorney's fees on only part of plaintiff's total workers' compensation

award, while the Full Commission granted "[p]laintiff's request that attorneys fees be calculated on the total award." We perceive no abuse of discretion by the Commission.

In *Church*, this Court observed that

[t]he Commission's award in its discretion of a 75% credit to defendant for payments made through its private insurer and the award of the remaining 25% to plaintiff to fund attorney's fees based upon the *full workers' compensation award* is well within the Commission's discretionary authority . . . and the award was within the Commission's authority to approve fee payments pursuant to [N.C.G.S. § 97-90(c) (Supp. 1998)[2]].

*Church*, 104 N.C. App. at 416-17, 409 S.E.2d at 718 (emphasis added).

G.S. § 97-90(c) states that

[i]f an attorney has an agreement for fee or compensation under this Article, he shall file a copy or memorandum thereof with the . . . Commission prior to the conclusion of the hearing. If the agreement is not considered unreasonable, the . . . Commission shall approve it at the time of rendering decision.

The record on appeal in the instant case contains no copy of a fee award filed with the Commission. However, the Commission's Opinion and Award provides that "[p]laintiff's *request* that attorneys fees be calculated [as twenty-five percent of] the total award . . . is HEREBY ALLOWED" (emphasis added), thus suggesting approval of a fee agreement was indeed sought from the Commission.

Further, the Opinion and Award also directs that a "*reasonable* attorney's fee of twenty-five percent of the total compensation awarded to plaintiff . . . is approved" (emphasis added), indicating the Commission determined a fee agreement for twenty-five percent of the total award was "not . . . unreasonable" pursuant to G.S. § 97-90(c). As in *Church*, "the award was within the Commission's authority to approve fee payments pursuant to G.S. [§] 97-90(c)," *Church*, 104 N.C. App. at 416-17, 409 S.E.2d at 718, and did not constitute an abuse of discretion.

Finally, we decline to address several issues raised by the plaintiff in his appellate brief that were neither assigned as cross-

---

2. G.S. § 97-90(c) was amended effective 5 July 1994. 1993 N.C. Sess. Laws (Reg. Sess., 1994) ch. 579, §§ 9.1, 11.1. No subsequent amendments have been enacted.

assignments of error nor raised in the proceedings below. *See* N.C.R. App. P. 10(a),(d) and 28(c) (scope of appellate review limited "to a consideration of those assignments of error set out in the record on appeal;" without taking an appeal, "appellee may cross-assign as error any action or omission of the trial court . . . properly preserved for appellate review;" without taking an appeal, "appellee may present for review, by stating them in his brief, any questions raised by cross-assignments of error under Rule 10(d)").

Affirmed.

Judges WYNN and EDMUNDS concur.