***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission adopts with minor modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement dated 18 October 2001 and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Commission has jurisdiction over the parties and the subject matter of this claim.
2. All parties have been correctly designated and there is no question as to the misjoinder or non-joinder of parties.
3. An employer-employee relationship existed between plaintiff and defendant Alex Lee, Inc./Lowes Food Stores beginning on 20 July 2000 and continuing until 14 November 2000, the alleged date of injury. Plaintiff was out of work until 24 February 2001, at which time she returned to work for defendant-employer. Plaintiff went back out of work for four days beginning on 14 March 2001, then returned to work and continues to be employed by defendant-employer until the present time.
4. Plaintiff's average weekly wage was $540.00 per week, yielding a weekly compensation rate of $360.02.
5. Defendant is a duly qualified self-insured employer and Kemper Insurance Companies is a third party administrator employed by defendant to service this claim.
6. All completed Industrial Commission Forms in I.C. File No. 122053, Plaintiff's Answers to Defendants' Interrogatories, and page 9 of Hobart Service Call records for Lowe's Store 192, confirming a completed service call made on 21 September 2001, to repair an oven, may be received into evidence and become part of the record.
7. Plaintiff fell while at work on 14 November 2000, and sustained multiple fractures to her knee. She had surgery and was unable to work and earn wages from 14 November 2000, until 24 February 2001, at which time she returned to her job with defendant. She had follow-up surgery on 14 March 2001, as a result of which she was temporarily disabled and unable to earn wages for approximately four days thereafter, after which she returned to work.
8. In lieu of the testimony of Mr. Robert Sages, the parties stipulate that were he to testify under oath, he would corroborate the testimony of Ms. Annette Hill, an employee of defendant, who testified on behalf of defendant at the hearing.
9. In lieu of the testimony of Paul O. Shricker, M.D., the parties stipulate that were he to testify under oath, he would express his expert opinions that:
 a. Plaintiff's fall on 14 November 2001 caused multiple comminuted fractures of her right knee cap as described in the stipulated medical records;
 b. Plaintiff's injury required all the medical treatment she has received to date as reflected in stipulated medical records, including surgical procedures on 16 November 2000 and 14 March 2001, in order to effect a cure or provide relief from her symptoms;
 c. The injury and treatment provided were sufficiently severe to prevent plaintiff from engaging in any employment during the stipulated dates of her absences from work;
 d. Plaintiff remains under his care, and she may require medical monitoring and treatment in the future;
 e. Permanent work restrictions and/or a permanent partial impairment rating of plaintiff's right leg will abide completion of her active treatment and Dr. Shricker's determination that she has achieved maximum improvement and restoration of function.
10. Documents stipulated into evidence include the following:
 Stipulated Exhibit #1: All medical records and bills for treatment identified in paragraph No. 10 of the Pre-Trial Agreement.
11. At the hearing before the Full Commission, the parties stipulated to the medical records of plaintiff's new treating physician, Dr. G. Hadley Callaway, an orthopedic surgeon. The records have been received into evidence in this case.
 ***********
Based upon the Stipulations and other competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At approximately 6:45 a.m. on 14 November 2000, plaintiff was at work in her job as bakery manager for defendant. She was baking muffins in one of defendant's 6-foot tall commercial ovens. When the muffins were done, plaintiff opened the oven door and attempted to pull out the large rack which contained 10 or 12 trays of freshly baked muffins. The rack is a large rectangular frame that is extremely hot after baking. Plaintiff was wearing heavy kitchen mittens when she grasped the hot oven rack. The rack in the oven plaintiff was using had a history of not sliding out properly.
2. On this occasion, plaintiff had to shake or wobble the hot rack in order to get it loose and pull it out of the oven. After pulling on the rack, plaintiff turned to the right, lost her balance and fell hard to the floor onto her right knee. She could not get up and called for help. Plaintiff's co-workers came and tried to help her up. Her leg swelled up so fast that she could not pull her pants leg up to look at her knee. She felt extreme pain immediately. She was taken to Raleigh Community Hospital emergency room by ambulance.
3. The 14 November 2000 fall experienced by plaintiff was an unexpected and unforeseen event which interrupted her normal work routine.
4. Plaintiff has had no prior knee injuries, pre-existing weakness or medical condition affecting her legs, which were strong before the 14 November 2000, injury.
5. As a proximate result of plaintiff's fall, her knee was broken in three places. She was referred to and treated by orthopaedic surgeon, Paul O. Shricker, M.D., who performed surgery on her knee on 16 November 2000. Dr. Shricker performed a second operation on plaintiff's knee on 14 March 2001. She has remained under Dr. Shricker's care up to the date of the hearing before the Deputy Commissioner.
6. The medical care and treatment plaintiff has received for her injury was reasonably necessary in order to effect a cure and provide relief from her symptoms.
7. As a result of her work-related injury, plaintiff was physically unable to work and earn wages from 14 November 2000, until 24 February 2001, at which time she returned to her job with defendant. She had follow-up surgery on 14 March 2001 to remove pins which had been placed in her knee during the initial operation, and as a result was unable to earn wages for approximately four days, after which she returned to work.
8. Dr. Shricker did not find plaintiff at maximum medical improvement, nor did he assign a permanent partial disability rating.
9. Subsequent to the hearing before the Deputy Commissioner, plaintiff changed her treating physician from Dr. Shricker to Dr. G. Hadley Callaway, an orthopaedic surgeon with Raleigh Orthopaedic Clinic. Plaintiff presented to Dr. Callaway on 22 October 2002 for further evaluation to determine whether anything else could be done to increase her degree of flexibility in her knee. Dr. Callaway recommended further surgery to remove the remaining hardware in her knee. The surgery was done on 31 October 2002 and was successful. Following the surgery, plaintiff began physical therapy.
10. Plaintiff has not reached maximum medical improvement, nor has she been given a permanent partial disability impairment rating.
11. Defendant, pursuant to a self-funded salary continuation program, paid plaintiff's salary for 13 weeks following her injury, and its self-funded short-term disability program paid plaintiff $102.90 for the additional week in March 2001 during which she was unable to work due to her injury. Defendant is entitled to a week-to-week credit for payments made that were not due and payable at the time, in an amount to be determined by the Commission within its discretion.
12. Defendant originally denied and defended this claim on stated grounds that plaintiff's injury was caused by an "idiopathic condition". Defendants offered no evidence that plaintiff has ever had a pre-existing mental or physical condition that might have contributed to her injury. Defendants have defended this claim without reasonable grounds.
13. In order to receive benefits, it was necessary for plaintiff to retain counsel to press her claim. Plaintiff's counsel has over 28 years of experience in the area of workers' compensation and is recognized by the North Carolina State Bar as an expert in this field. Plaintiff's counsel has represented the plaintiff for more than one year prior to the issuance of the Deputy Commissioner's Opinion and Award.
 ***********
Based on the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant on 14 November 2000. N.C. Gen. Stat. § 97-2(6); Robbins v. Hosiery Mills, 220 N.C. 246, 17 S.E.2d 20
(1941); Rewis v. Insurance Co., 226 N.C. 325, 38 S.E.2d 97 (1946); Allredv. Allred-Gardner, Inc., 253 N.C. 554, 117 S.E.2d 476, (1960); Taylor v.Twin City Club, 260 N.C. 435, 132 S.E.2d 865 (1963); Hollar v. FurnitureCo., 48 N.C. App. 489; 269 S.E.2d 667 (1980); Mills v. City of New Bern,122 N.C. App. 283, 468 S.E.2d 587 (1996); 1 Larson, The Law of Workmen'sCompensation § 6.40 (1995).
2. As a proximate result of her injury by accident, plaintiff was rendered totally disabled and was unable to earn any wages in any employment from 14 November 2000, until 24 February 2001, from 14 March until 18 March 2001, and for an undetermined length of time following the 31 October 2002 surgery. Plaintiff is entitled to receive compensation for her total disability during those periods at the compensation rate of $360.02 per week. N.C. Gen. Stat. §§ 97-2(9); 97-29.
4. Subject to the limitations of N.C. Gen. Stat. § 97-25.1, plaintiff is entitled to have defendants pay all reasonably medical expenses which she has incurred and may incur in the future as a result of her 14 November 2000, compensable injury by accident which tend to effect a cure, provide relief or lessen her disability, and Dr. G. Hadley Callaway is hereby authorized as plaintiff's treating physician. N.C. Gen. Stat. § 97-25.
5. Defendants are entitled to a week-to-week credit against compensation for total disability due plaintiff for self-funded, salary continuation and short-term disability payments made to plaintiff which were not due and payable during her disability following her injury. The credit to defendants shall be reduced by 33%, in the discretion of the Full Commission, in order to provide funds for payment of a reasonable attorney fee to plaintiff's counsel that would not otherwise be available. N.C. Gen. Stat. § 97-42; Evans v. ATT Technologies,332 N.C. 78, 418 S.E.2d 503 (1992); Church v. Baxter-TravenolLaboratories, 104 N.C. App. 411; 409 S.E.2d 715 (1991); Cole v. TriangleBrick, 136 N.C. App. 401; 524 S.E.2d 79 (2000).
6. Defendants have defended this claim without reasonable ground and plaintiff is entitled to an award of attorney fees to be taxed as costs to defendants. N.C. Gen. Stat. §§ 97-88.1; 97-90(c); Tharp v. SouthernGables, Inc., 125 N.C. App. 364; 481 S.E.2d 339 (1997); Troutman v. White Simpson, Inc., 121 N.C. App. 48, 464 S.E.2d 481 (1995), disc.review denied, 343 N.C. 516, 472 S.E.2d 26 (1996).
 ***********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay plaintiff compensation for total disability at the compensation rate of $360.02 per week for the period 14 November 2000 to 24 February 2001, for four additional days after 14 March 2001, and for the time, if any, which plaintiff was unable to earn wages as a result of the 31 October 2002 surgery. This accrued sum shall be paid in a lump sum subject to attorney fees approved herein and appropriate credits allowed defendants.
2. Defendants shall pay all medical expenses incurred or to be incurred in the future by plaintiff in the treatment of her injury by accident on 14 November 2000, when bills for the same have been submitted to and approved according to Industrial Commission procedure.
3. Defendants shall be entitled to a week-to-week credit for self-funded, salary continuation and short-term disability payments made to plaintiff during her disability, said credit to be reduced by 33% which shall be paid to plaintiff's attorney as a portion of attorney fees awarded herein.
4. Defendants shall pay the costs, including an attorney fee awarded to plaintiff's counsel in the amount of $1,000.00, pursuant to N.C. Gen. Stat. § 97-88.1.
This the ___ day of July, 2003.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER