STRICKLAND v. MARTIN MARIETTA MATERIALS

[193 N.C. App. 718 (2008)]

━━━━━━━━━━

RANDY E. STRICKLAND, Employee, Plaintiff v. MARTIN MARIETTA MATERIALS AND Employer, SPECIALITY RISK SERVICES, Carrier, Defendants

No. COA08-476

(Filed 18 November 2008)

**Workers' Compensation— short-term disability benefits— improper reduction in employer's credit to pay employee's attorney fees**

The full Industrial Commission abused its discretion by reducing defendant employer's credit for short-term disability benefits paid to plaintiff employee by twenty-five percent in order to partially fund attorney fees for plaintiff because: (1) our Supreme Court has held that it is an abuse of discretion for the Commission to deny an employer full credit for benefits paid under an employer-funded plan if the benefits were not due and payable when made; (2) N.C.G.S. § 97-42 provides that employers are entitled to receive full dollar-for-dollar credit for all benefits paid under a private plan so long as payments were not due and payable when made; (3) defendant's short-term disability plan was fully funded by defendant employer, and defendants had not accepted plaintiff's injury as compensable when plaintiff received the short-term disability benefits, nor had there been a determination of compensability by the Industrial Commission; (4) plaintiff's counsel will be adequately compensated; and (5) the ruling was inconsistent with the legislative intent of N.C.G.S. § 97-42 to

STRICKLAND v. MARTIN MARIETTA MATERIALS

[193 N.C. App. 718 (2008)]

encourage employers to make voluntary payments to injured employees before workers' compensation benefits are awarded and due.

Appeal by defendants from Opinion and Award entered 11 January 2008 by the Full Commission for the North Carolina Industrial Commission. Heard in the Court of Appeals 25 September 2008.

*Regan & Regan PLLC, by James W. Ragan, for plaintiff appellee.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by George H. Pender, for defendant appellants.*

McCULLOUGH, Judge.

Defendant-employer Martin Marietta Materials and defendant-insurer Specialty Risk Services appeal from an Amended Opinion and Award entered 11 January 2008 by the Full Commission ("the Commission"). Defendants assigns error to the Commission's decision to reduce their credit for short-term disability benefits paid to plaintiff by twenty-five percent (25%) in order to partially fund attorney's fees for plaintiff. We hold that defendants are entitled to receive full credit, under N.C. Gen. Stat. § 97-42, for all compensation made to plaintiff under their short-term disability plan. We reverse and remand.

Plaintiff had been employed with defendant-employer Martin Marietta Materials, a rock quarry business, for over twenty years. On 24 March 2005, plaintiff injured his right shoulder while repairing a bent engine compartment door of a rock loader. Plaintiff reported his injury to defendant-employer and immediately began receiving medical treatment for his shoulder. Plaintiff continued to work for defendant-employer until his surgery on 22 June 2005. Plaintiff's surgery included an arthroscopic rotator cuff repair procedure as well as a distal clavicle excision and subacromial decompression. Due to physician-imposed physical restrictions, plaintiff has not returned to work since his surgery.

After plaintiff's surgery, defendants provided him with short-term disability benefits, pursuant to an employer-funded plan. Under this plan, plaintiff was paid for twenty-six (26) weeks in a total amount of $11,532.00. All payments to plaintiff were made during a time when

defendants had not accepted plaintiff's injuries as compensable by workers' compensation benefits.

Plaintiff filed a Form 18 notice of injury on or about 11 July 2005. On 31 October 2006, Deputy Commissioner Phillips entered an Opinion and Award denying plaintiff workers' compensation benefits. Plaintiff appealed and the case was heard before the Commission on 1 May 2007.

On 7 September 2007, the Commission filed an Opinion and Award, reversing the Deputy Commissioner's decision and awarding temporary total disability payments to plaintiff. The Commission concluded that (1) plaintiff was entitled to a weekly compensation rate of $512.66, beginning on 20 June 2005 and continuing until further order; and (2) plaintiff was not entitled to attorney's fees and costs because defendants had not engaged in stubborn unfounded litigiousness, pursuant to N.C. Gen. Stat. § 88.1.

The Commission also approved attorney's fees for plaintiff's counsel in the amount of twenty-five percent (25%) of compensation owed to plaintiff, ordering that twenty-five percent (25%) of the lump sum due to plaintiff be deducted and paid directly to plaintiff's counsel, and thereafter, every fourth compensation check due to plaintiff be deducted and paid directly to plaintiff's counsel. The Commission also held that defendants were not entitled to a credit of $11,532.00, pursuant to N.C. Gen. Stat. § 97-42, because of their delay in filing a denial of plaintiff's claim.

Defendants filed a Motion for Reconsideration of the Commission's Opinion and Award, for denying defendants' request for a credit under N.C. Gen. Stat. § 97-42. The Commission granted defendants' motion and reviewed the matter.

In an Amended Order and Award issued on 11 January 2008, defendants were granted a credit for the short-term disability payments received by plaintiff. The Commission concluded that defendants had been formally notified about plaintiff's claim on 13 January 2006 and had filed a Form 61 denying the claim on 22 February 2006. However, the Commission reduced defendants' credit by twenty-five percent (25%) in order to partially fund attorney's fees for plaintiff and stated the following:

Defendants are entitled to a credit for the employer-funded short-term disability plan payments received by Plaintiff for the 26

weeks following Plaintiff's June 22, 2005, shoulder surgery. N.C. Gen. Stat. §97-42. However, the Full Commission, in its discretion, reduces the credit by twenty-five percent (25%) in order to fund an attorney's fee based upon the full workers' compensation award. *Church v. Baxter Travenol Laboratories, Inc.*, 104 N.C. App. 411, 409 S.E.2d 715 (1991).

Defendants argue that the Commission erred when it reduced their credit for payments made through their short-term disability plan by twenty-five percent (25%). Defendants contend that under N.C. Gen. Stat. § 97-42, they are entitled to full credit in the amount of $11,532.00 for all benefits paid to plaintiff. We agree.

Appellate review of an Opinion and Award of the Commission is "limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). We review the Commission's conclusions of law *de novo*. *Deseth v. LensCrafters, Inc.*, 160 N.C. App. 180, 184, 585 S.E.2d 264, 267 (2003) (citation omitted).

In its conclusions of law, the Commission determined that under N.C. Gen. Stat. § 97-42, defendants were entitled to a credit in the amount that they had already paid plaintiff in short-term disability benefits. However, the Commission reduced their credit by twenty-five percent (25%) "in order to fund an attorney's fee based upon the full workers' compensation award." N.C. Gen. Stat. § 97-42 provides, in pertinent part:

> Payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Article were not due and payable when made, may, subject to the approval of the Commission be deducted from the amount to be paid as compensation.

N.C. Gen. Stat. § 97-42 (2007). "The decision of whether to grant a credit is within the sound discretion of the Commission" and "will not be disturbed on appeal in the absence of an abuse of discretion." *Shockley v. Cairn Studios, Ltd.*, 149 N.C. App. 961, 966, 563 S.E.2d 207, 211 (2002), *disc. review denied*, 356 N.C. 678, 577 S.E.2d 887, 888 (2003). Our Supreme Court has clarified the extent of the Commission's discretion by holding that it is an abuse of discretion for the Commission to deny an employer full credit for benefits paid

under an employer-funded plan if the benefits were not due and payable when made. *See Evans v. AT&T Technologies, Inc.*, 332 N.C. 78, 85, 418 S.E.2d 503, 507-08 (1992); *Foster v. Western-Electric Co.*, 320 N.C. 113, 117, 357 S.E.2d 670, 673 (1987).

In *Foster*, the employer was denied a credit for payments it made to the employee under its private disability benefits plan. *Id.* at 114, 357 S.E.2d 671-72. On appeal, our Supreme Court reversed and held that the employer was entitled to full credit, under N.C. Gen. Stat. § 97-42, because the employer "had *not* accepted [the employee's] injury as compensable under workers' compensation at the time the payments were made[.]" *Foster*, 320 N.C. at 115, 357 S.E.2d at 672. The Court discussed the importance of granting credit to employers in order to further the legislative intent of N.C. Gen. Stat. § 97-42 to encourage employers to make voluntary payments to injured employees. *Id.* at 116-17, 357 S.E.2d at 673. The Court stated:

> Payment by the employer under a private disability plan accomplishes sound policy objectives by providing immediate financial assistance to the disabled worker *while* she is disabled. Through its plan, [the employer] affords a much-needed continuity of income to injured employees fully consistent with the expressed policies of workers' compensation.

*Id.*

Our Supreme Court also reversed the earlier decision in *Evans v. AT&T Technologies*, which only granted the employer partial credit for payments made to an injured employee under the employer's disability plan. 332 N.C. at 90, 418 S.E.2d at 511. The Court clarified that, under N.C. Gen. Stat. § 97-42, employers are entitled to receive "full dollar-for-dollar credit" for all benefits paid under a private plan, so long as payments were not due and payable when made. *Evans*, 332 N.C. at 85, 418 S.E.2d at 508. Our Court has also recognized that the Commission has limited discretion in denying an employer full credit under N.C. Gen. Stat. § 97-42. *See Cox v. City of Winston-Salem*, 171 N.C. App. 112, 115, 613 S.E.2d 746, 748 (2005) (discussing that it is an abuse of discretion to deny an employer full credit for wage-replacement benefits if solely funded by the employer); *Lowe v. BE&K Construction Co.*, 121 N.C. App. 570, 576, 468 S.E.2d 396, 399 (1996) (holding that the Commission erred by denying the employer credit for payments made when the employer had not accepted the employee's claim as compensable). In this case, defendants' short-term disability plan was fully funded by defendant-employer.

Furthermore, when plaintiff received the short-term disability bene-fits, defendants had not accepted his injury as compensable, nor had there been a determination of compensability by the Industrial Commission. Thus, pursuant to *Foster* and *Evans*, defendants are entitled to full credit of $11,532.00 for all benefits paid to plaintiff.

In its Amended Opinion and Award, the Commission cited *Church v. Baxter Travenol Laboratories*, 104 N.C. App. 411, 409 S.E.2d 715, (1991), when referring to its discretion to reduce defend-ants' credit. In *Church*, the employer's private insurer paid the plain-tiff benefits in the amount of $2,797.44 while he was injured. *Id.* at 416, 409 S.E.2d at 717. The plaintiff in *Church* was later awarded $3,769.79 in workers' compensation benefits. *Id.* Instead of awarding attorney's fees from the difference of $972.35, the Commission reduced the employer's credit so that the plaintiff's attorney in *Church* could be adequately compensated. *Id.* at 416-17, 409 S.E.2d at 717-18. We affirmed the Commission's decision reasoning that "[i]f attorney's fees were allowed to be calculated from only the difference between the workers' compensation award and the private insurer's payment, then almost no attorney could afford to take a contested case where voluntary payments had already been made." *Id.* at 416, 409 S.E.2d at 718. This would leave "injured employees without the representation they need to obtain the complete and total amount of their workers' compensation award [and] would defeat the purposes of the Act." *Id.*

After careful review of our Supreme Court's decisions in *Foster* and *Evans*, it is unclear whether *Church* is still binding on this Court. If *Church* remains binding, it applies only in the limited circumstance when the difference between the amount already paid by the employer and the amount awarded to the employee is so small that the claimant would be unable to obtain competent counsel if attor-ney's fees were only awarded from that amount.

Nevertheless, *Church* is not applicable to the facts of this case. Unlike the circumstances in *Church*, plaintiff's counsel will be ade-quately compensated. In addition to receiving twenty-five percent (25%) of all back compensation owed to plaintiff, plaintiff's counsel will also receive monthly payments of $512.66 for an indefinite dura-tion. This is a substantial award of attorney's fees, and therefore, can-not fall under the rationale of *Church*.

As in *Foster* and *Evans*, the legislative intent of N.C. Gen. Stat. § 97-42 clearly supports granting defendants full credit for all short-

term disability benefits paid to plaintiff. Defendants provided plaintiff with wage-replacement benefits after he was injured, but before he was entitled to receive workers' compensation. Defendants' voluntary payments furthered the overall intent of the statute to provide compensation to individuals with work-related injuries as soon as possible. *See Evans*, 332 N.C. at 87, 418 S.E.2d at 509.

While we do not think that the Commission intended to penalize defendants by reducing their credit, the Commission's decision had the effect of doing so. An employer who has "paid an employee wage-replacement benefits at the time of that employee's greatest need, should not be penalized by being denied full credit for the amount paid as against the amount which was subsequently determined to be due the employee under workers' compensation." *Foster*, 320 N.C. at 117, 357 S.E.2d at 673. Denying employers full credit could be detrimental in that it "would inevitably cause employers to be less generous and the result would be that the employee would lose his full salary at the very moment he needs it most." *Id.*

In the case *sub judice*, the purpose of the statute was thwarted when defendants were required to pay significantly more solely due to the fact that they had provided short-term disability benefits to plaintiff. If defendants had not provided plaintiff with compensation under their disability insurance plan, they still would have been required to pay the amount of $11,532.00 once plaintiff was awarded workers' compensation benefits. Here, plaintiff's claim was not adjudged to be compensable until over two years after his injury. If defendants had waited until that time to compensate plaintiff in the amount of $11,532.00, plaintiff would have only been permitted to retain $8,649.00, seventy-five percent (75%) of that amount, as the remaining $2,883.00 would have been paid directly to plaintiff's attorney.

However, because defendants had already voluntarily paid $11,532.00 to plaintiff, the Commission denied their request for a full credit and ordered them to pay an additional $2,883.00 to plaintiff's attorney—an amount they would not otherwise have been required to pay. This discourages employers from providing disability benefits, resulting in injured employees having to wait until awarded workers' compensation benefits to be compensated. This ruling is inconsistent with the legislative intent of N.C. Gen. Stat. § 97-42, which is to encourage employers to make voluntary payments to injured employees before workers' compensation benefits are awarded and due.

For the above-mentioned reasons, we hold that defendants are entitled to full credit for all short-term disability payments made to plaintiff and find that the Commission erred in reducing defendants' credit by ordering additional payment of plaintiff's attorney fees. We reverse and remand for appropriate modification of the Commission's Opinion and Award.

Reversed and remanded.

Judges TYSON and CALABRIA concur.