***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties before the Full Commission. Defendants have shown good grounds to reconsider the evidence and upon reconsideration, the Full Commission affirms in part and reverses in part the Opinion and Award of the Deputy Commissioner.
 *********** EVIDENTIARY RULINGS
The objections raised in the depositions are ruled upon in accordance with the law and the findings in this Opinion and Award.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT *Page 2 
1. The Findings of Fact and Conclusions of Law contained in the August 23, 2010 Consent Opinion and Award filed by Deputy Commissioner John B. Deluca in this case are incorporated herein by reference.
2. In the Consent Opinion and Award, the parties agreed that Plaintiff was entitled to temporary total disability benefits for the periods of March 17, 2010 through April 19, 2010, and April 29, 2010 through the present and ongoing at the rate of $754.00 per week. The parties also agreed that Plaintiff received short-term disability benefits in the amount of $1,394.00 per week for the periods of March 17, 2010 through April 19, 2010, and April 29, 2010 through September 28, 2010. These short-term disability benefits were paid pursuant to a 100% Employer-funded plan which does not have a subrogation right against workers' compensation disability benefits.
3. Pursuant to N.C. Gen. Stat. § 97-42, Defendants are eligible for a credit of up to $754.00 per week for short-term disability benefits paid during the periods of March 17, 2010 through April 19, 2010, and April 29, 2010 through September 28, 2010.
4. Plaintiff has requested that the Industrial Commission reduce Defendants' N.C. Gen. Stat. § 97-42 credit by 25% to allow an attorney's fee to be paid on the back-due temporary total disability benefits awarded in the Consent Opinion and Award.
5. The Full Commission finds that workers' compensation benefits for payments were not due and payable to Plaintiff for the periods of March 17, 2010 through April 19, 2010, and April 29, 2010 through September 28, 2010. The Full Commission further finds that Defendants are eligible for a 100% credit for weekly short-term disability benefits paid during the periods of March 17, 2010 through April 19, 2010, and April 29, 2010 through September 28, 2010. *Page 3 
6. On March 17, 2010, Plaintiff returned to her treating physician, Dr. Kevin P. Speer of Southeastern Orthopedics Sports Medicine Shoulder Center, and was written out of work by Dr. Speer on March 17, 2010. Plaintiff continued to receive physical therapy for her compensable injury through May of 2010.
7. Plaintiff was out of work for approximately one month, returning briefly to her position with Employer-Defendant on April 19, 2010. However, on April 29, 2010, Dr. Speer again wrote Plaintiff out of work. Plaintiff has been out of work since April 29, 2010. Pursuant to the terms set forth in the August 23, 2010 Consent Opinion and Award, the parties agree that Plaintiff is entitled to temporary total disability benefits at the rate of $754.00 per week until Plaintiff returns to work or further Order of the Commission.
8. Plaintiff's treatment with Dr. Speer's since March 17, 2010 has been denied by Defendants.
9. The medical records reflect that, although Plaintiff complained of symptoms beyond her compensable left shoulder condition, her shoulder condition was a significant focus of treatment since March 17, 2010. The Full Commission finds that the medical treatment received by Plaintiff was reasonable and necessary to treat her compensable left shoulder condition.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Article were not due and payable when *Page 4 
made, may, subject to the approval of the Commission be deducted from the amount to be paid as compensation. N.C. Gen. Stat. § 97-42.
2. The North Carolina Supreme Court has held that:
 [T]he ordinary meaning of the language of N.C.G.S. § 97-42 allows an employer, subject to Commission approval, to receive a full dollar-for-dollar credit for all such payments; this interpretation is not inconsistent with the overall intent of the statute to provide compensation to employees for work-related injuries.
Evans v. AT T Technologies, Inc.,332 N.C. 78, 86-87, 418 S.E.2d 503, 509 (1992). Defendants should be entitled to receive a credit for all short-term disability payments made to Plaintiff. N.C. Gen. Stat. § 97-42. See Strickland v.Martin Marietta Materials,193 N.C. App. 718, 725, 668 S.E.2d 633, 637 (2008).
3. The medical treatment provided by Dr. Speer since March of 2010, as well as the physical therapy obtained pursuant to Dr. Speer's prescription, was reasonable and necessary medical treatment for Plaintiff's left shoulder condition and Defendants should pay the medical expenses incurred. N.C. Gen. Stat. § 97-25.
4. Plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of her compensable left shoulder injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability, including medical treatment provided or recommended by her treating physicians. N.C. Gen. Stat. § 97-25.
5. Defendants have denied payment for Plaintiff's current medical treatment, and therefore, in the discretion of the Industrial Commission, Plaintiff should be permitted to select her own treating doctor. Kanipe v. Lane Upholstery,141 N.C. App. 620, 624, 540 S.E.2d 785, 788 (2000); N.C. Gen. Stat. § 97-25.
6. Plaintiff is entitled to continuing temporary total disability compensation at the rate of $754.00 per week until further Order of the Commission. N.C. Gen. Stat. § 97-29.
 ***********
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall be granted a credit against temporary total disability benefits owing for the periods of March 17, 2010 through April 19, 2010, and April 29, 2010 through September 28, 2010 and Plaintiff shall not be granted a 25% credit to allow for an award of attorney's fee.
2. Defendants shall pay for all medical treatment obtained by Plaintiff since March of 2010 and thereafter including, but not limited to, the treatment provided by Dr. Speer, the course of physical therapy received by Plaintiff, and the evaluations, treatments, and recommendations of the Duke Pain Clinic per Dr. Speer.
3. Dr. Kevin P. Speer is designated as Plaintiff's authorized treating physician.
4. Defendants shall pay the costs.
This the ___ day of April 2011.
 S/___________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/___________________ BERNADINE S. BALANCE COMMISSIONER
 S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1